[No. 2027.]
BEACH v. BENNETT.

1. BILLS AND NOTES—CONSIDERATION.

Defendant executed a promissory note secured by deed of trust without any consideration passing from the payee. The note was never delivered to the payee but was indorsed by him without recourse and left with defendant. Afterwards defendant borrowed money from plaintiff and indorsed a credit on the note to make the amount of the note correspond to the sum borrowed, and delivered the note and deed of trust to plaintiff. In an action to recover the balance of the note after foreclosure of the deed of trust, the fact that no consideration passed between the original payee and defendant was no defense as against plaintiff.

2. BILLS AND NOTES—DELIVERY AFTER MATURITY OF INTEREST.

Where defendant executed a promissory note with interest coupons attached, and the note provided that upon default of payment of any interest coupon when due, the payee might proceed to collect both principal and interest, but no consideration passed from the payee and the note was never delivered to him but was indorsed by him and left with defendant, which she afterwards delivered to plaintiff for money borrowed, the fact that an interest coupon had matured and was not paid at the time the note was delivered to

plaintiff was not available as a defense in an action by plaintiff upon the note so as to admit of any equitable defense the defendant might have against the original payee.

3. BILLS AND NOTES—INDORSEMENT WITHOUT RECOURSE.

An indorsement of a promissory note by the payee " without recourse " cuts off defenses of the maker as effectually as if the indorsement had not been qualified.

4. BILLS AND NOTES—COUNTERCLAIMS—LIMITATION—MUTUAL ACCOUNTS.

In an action upon a promissory note, defendant set up a counterclaim, consisting of an account for board and for care and attention at different times, some of which accrued more than six years prior to the time of instituting the suit. *Held* that there was no mutuality of accounts between the parties so as to bring the counterclaim within the rule that items within six years draw after them other items beyond that period. And that plaintiff might successfully set up the statute of limitations against all items of the counterclaim that accrued more than six years prior to bringing the suit.

*Appeal from the District Court of Arapahoe County.*

Mr. W. W. COVER, for appellant.

Mr. L. E. KENWORTHY, for appellee.

WILSON, P. J.

On September 23, 1891, the defendant, Mrs. Beach, executed her promissory note, which reads as follows:  ·

"Five years after date, for value received, I promise to pay to the order of Lyman S. Knight, Three Hundred Sixty Dollars, at Union National Bank, Denver, Colo., with interest at the rate of eight per cent per annum, payable semi-annually, as per ten coupons hereto attached.  It is agreed that if this note is not paid at maturity, it shall then draw interest at the rate of ten per cent per annum, and that on failure to pay any installment of interest when due, the holder hereof may collect the principal and interest at once." Contemporaneous with this, defendant executed a deed of trust to secure the payment of said note and interest coupons, and it was placed upon record.  It appears that the

note was without consideration, it being claimed that it was given to Knight, who was an agent of defendant, "only for convenience in carrying out certain real estate sales;" and in pursuance of this, the note was indorsed upon its back, "Without recourse. Lyman S. Knight," and was left with defendant, never having been delivered to Knight. Within a few months thereafter, defendant borrowed from the plaintiff, Mrs. Bennett, $180, and to secure the payment thereof, according to the complaint of plaintiff, delivered to plaintiff this note so transferred by the payee, after having first indorsed upon it a credit for $180, so as to make the principal of the note correspond in amount to the sum loaned by plaintiff, and also the deed of trust which secured the note. After maturity, plaintiff caused the deed of trust to be foreclosed, but only a small amount was realized upon the sale, and she brought this suit for the balance. There was some attempt on the part of the defendant to claim that she borrowed from the plaintiff $130 only, but this was a question of fact, which was found by the court in favor of the plaintiff upon sufficient evidence, and its finding cannot be disturbed. There seems also to have been an attempt on the part of the defendant to claim that the transaction was a sale of the lots embraced in the deed of trust to the plaintiff, and also that at the time of the delivery to her of the note and deed of trust, the plaintiff agreed to look only to the real property covered by the deed of trust for the repayment of her loan, and not to hold defendant personally liable therefor. These defenses were decidedly inconsistent, but in any event, even if admissible and sufficient to constitute a defense, were questions of fact, which were not supported by the evidence as disclosed in the record before us, and both of which were found against defendant upon sufficient testimony.

The contention of defendant that because of the original execution of the note, no consideration moved from Knight to defendant, the plea of want of consideration was available against Mrs. Bennett, the indorsee, is not tenable under

the circumstances of this case. Conceding that there was no consideration as between Knight and the defendant, there was, according to the testimony of both parties, an ample consideration between the plaintiff and the defendant, who was the maker of the note. The defendant by her delivery of the note to plaintiff for a valuable consideration, gave vitality to that which was of no force as between her and Knight. It was as if she had executed and delivered anew her note directly payable to the plaintiff.

Defendant furthur asserts that at the time she delivered the note to plaintiff, one of the interest coupon notes had already matured and not been paid, and that therefore the plaintiff took it subject to any equitable defenses defendant might have against the note, because the note itself was then past maturity, according to its terms, it having been provided therein that " on failure to pay any installment of interest, principal and interest shall become due, and may be collected at once." This contention is of no force for several reasons, only one of which it is necessary to specify. The words, " principal and interest shall become due," were not in the note according to the copy set forth in plaintiff's complaint as it appears in the record, and the correctness of the copy was not questioned by defendant. The proviso in the note was that " on failure to pay any installment of interest when due, the holder hereof may collect the principal and interest at once." Even however if these words had been included, it would not have availed defendant for a defense, for the reason that prior to the time Mrs. Bennet took the note, no interest was due at all, because until that time, according to defendant's own statement, the note had no vitality whatever. It was not bearing interest.

Defendant claims that because plaintiff took the note under a qualified assignment from Knight, the defendant might interpose such equitable defenses as she might have in a suit upon the note. The words, " without recourse," written above the indorser's name, do not have such an effect. The contrary has been expressly held by this court. *Frost v.*

*Fisher*, 13 Colo. App. 331. It was there said, "Such an indorsement, although relieving the indorser of responsibility, is not out of the usual and due course of trade, and cuts off defenses of the maker as effectually as if the indorsement had not been qualified." This doctrine has not been questioned in any court so far as we know.

The defendant set up a counterclaim, and asked judgment against plaintiff for a certain sum for board from May, 1890, to November, 1890. "Also $6.30 for care and attention for two weeks in August, 1893." Also for some unnamed sum for four days' board in March, 1896. The plaintiff pleaded the statute of limitations as to the account for board from May to November, 1890, more than six years having elapsed from November, 1890, to the time of the institution of this suit, January, 1898. This plea was sustained by the court, and we see no error in this. The evidence does not bring the case within the rule that items within six years draw after them other items beyond that period. That rule is strictly confined to mutual accounts, or accounts between two parties which show a reciprocity of dealing,— neither of which was the case here. *King v. Post*, 12 Colo. 357. The items in their account were not continuous. As alleged in the defendant's cross complaint, they were separate and distinct transactions and accounts. The court found for defendant, and deducted from the amount which it found to be due plaintiff, a certain sum for board of plaintiff subsequent to 1890. We do not find, after careful inspection of the record, that there was any error in the amount of the judgment, according to the evidence, admissions of the parties, and findings of the court.

The judgment will be affirmed.

*Affirmed.*