[Crim. No. 936.   Third Appellate District.—September 11, 1926.]

THE PEOPLE, Respondent, v. R. E. LIBHART, Appellant.

[1] CRIMINAL · LAW — STRIKING OF PEDESTRIAN — VIOLATION OF CALIFORNIA VEHICLE ACT—VERDICT—EVIDENCE.—In this prosecution for a violation of section 141 of the California Vehicle Act (Stats. 1923, p. 518), which provides that the driver of any vehicle which strikes any person shall immediately stop and give his name and address, also the registration number of his vehicle, and shall render all necessary assistance, the evidence was sufficient to sustain the judgment of conviction.

[2] ID.—FACTS SURROUNDING ACCIDENT—MENTAL STATE OF DEFENDANT—INTOXICATION—EVIDENCE.—In such prosecution, it was competent for the prosecution to show the facts and circumstances surrounding the accident, including defendant's mental state and condition of sobriety, which, together with his haste to get back to his employment in a city other than that in which the accident occurred, would enable the jury to determine the reasonableness of defendant's conduct and the accuracy of his statements in relation thereto, and to the accident itself.

----

(1) 42 C. J., p. 1384, n. 17, p. 1387, n. 71.   (2) 42 C. J., p. 1387, n. 69.

APPEAL from a judgment of the Superior Court of San Joaquin County.   C. W. Miller, Judge.   Affirmed.

The facts are stated in the opinion of the court.

B. M. Bainbridge for Appellant.

U. S. Webb, Attorney-General, and P. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was convicted of the violation of section 141 of the California Vehicle Act (Stats. 1923, p. 518), which provides: "The driver of any vehicle which strikes any person . . . shall immediately stop and give his name and address, . . . also the registration number of his vehicle, . . . and shall render . . . all necessary assistance," etc. This is an appeal from the judgment.

[1] Appellant's main contention is that the evidence is insufficient to support the judgment. A witness for the prosecution testified that on the seventeenth day of January, 1926, in the early morning when "it was just breaking daylight," as he was driving his automobile north on California Street in the city of Stockton, he saw and heard the defendant's automobile, traveling south along the opposite side of the same street, the defendant being on his way to Modesto, strike a pedestrian, knocking him down, and, without stopping, continue on its course to the south; that the witness turned and followed the defendant and overtook him a few miles out of the city; that the defendant "said he didn't know that he hit anybody"; that both the witness and the defendant then drove back to Stockton and the witness advised the defendant to report the accident to the police; that the defendant "said he had been out the evening before, and he said he had a drink of wine, and asked if he couldn't have something to kind of kill the smell of that, if there was any left"; that the defendant then went to his sister's house and from there to the police station. A police officer testified that the defendant stated at the police station that "he was driving south on California street, and he felt a bump. He said his windshield was wet; he didn't see anybody. I asked him 'Why didn't you stop?' . . . He said he didn't think he ran into a human being. . . . He told me that he was supposed to go to work down there (at Modesto) at six o'clock at the Hudson garage. . . . He says, 'I overslept.' " In a statement made on the following day, and taken down by a shorthand reporter, the defendant said: "There was rain over the windshield. I couldn't see very good for about a minute. . . . Q. You felt a jar? A. Yes.

I didn't realize it was a human being that I hit. . . . When the fellow told me I hit a man, I said I didn't know anything about it.  He said, 'Look at your fender, the fender was not bent like that before?'  I says, 'I guess I must have struck something.' . . . I stopped at my sister's, and went in and told my sister that I hit somebody.''  A photograph of the bent fender was introduced in evidence at the trial. The defendant and other witnesses testified at the trial that the fender was bent prior to the time of the accident, but such testimony merely creates a conflict upon that question, upon which the determination of the jury is conclusive on appeal.  The man who was struck was thrown with such force as to seriously injure him and render him unconscious, and it is highly improbable that the defendant did not know that he had struck the man.  The evidence is amply sufficient to sustain the judgment.

[2]  Appellant contends that it was error to admit evidence to the effect that he had stated, immediately after the accident and his return to the city, that he had been out during the preceding night and had had a drink of wine and that it ''would be kind of hard to state'' where he stayed that night.  It was competent, however, for the prosecution to show the facts and circumstances surrounding the accident, including his mental state and condition of sobriety, which, together with his haste to get back to his employment in Modesto, would enable the jury to determine the reasonableness of his conduct and the accuracy of his statements in relation thereto, and to the accident itself.  The other contentions of appellant in respect to the admission and rejection of evidence relate to matters of a trifling nature and need not be specially considered.  It is sufficient to say that there is no merit in any of them.

The judgment is affirmed.

Pullen, J., *pro tem.*, and Plummer, J., concurred.