[Civ. No. 1403. Fourth Appellate District.—January 25, 1934.]

ARTHUR A. ROSS, Respondent, v. TITLE GUARANTEE & TRUST COMPANY (a Corporation) et al., Appellants.

Haight, Mathes & Sheppard, William A. Bassett, Jr., and Arthur L. Syvertson for Appellants.

J. J. Hughes and Oliver P. Ensley for Respondent.

JENNINGS, J.—Plaintiff instituted this action on July 19, 1928, seeking cancellation of a certain promissory note executed by him in the amount of $1250 and a trust deed covering real property in Riverside County which was given to secure payment of the note. Both instruments were dated April 18, 1928. The note was made payable one year after date. The payee named in the note was Charles H. Weygint. The grounds alleged in the complaint for cancellation were entire lack of consideration and fraud on the part of the payee. The original complaint named no defendant other than the payee, Charles H. Weygint. At the time the original complaint was filed a notice of *lis pendens* was filed in the office of the county recorder of Riverside County. This notice stated that an action had been commenced in the superior court of said county for the purpose of obtaining a decree declaring that the trust deed was void and for its cancellation. A correct legal description of the land, title to which was alleged to be affected, was set out in the notice. On January 20, 1930, a second amended complaint and supplemental complaint was filed in the action. This pleading named as defendants in the action Title Guarantee & Trust Company, Sidney C. J. Feder, Edward J. Feder and E. D. Beeman, in addition to the single defendant named in the original complaint. The relief sought by the latter pleading was the same relief which was sought by the original complaint. The cause of action was the same, but the latter pleading alleged that Charles H. Weygint and the two Feders had planned, connived and confederated together to defraud the plaintiff and in pursuance of their common design and to accomplish its consummation had made certain specified false and fraudulent representations. The pleading entitled ''Supplemental Complaint'' alleged that the Title Guarantee & Trust Company named as trustee in the trust deed had given notice of

default in the payment of the indebtedness secured by said deed and had advertised the property described in said trust deed for sale. It was also therein alleged on information and belief that the promissory note had been assigned to the defendant E. D. Beeman, that the plaintiff had no information or belief as to the date of the assignment and, lacking such information, that the assignment was made after the date of maturity of the note, without consideration therefor, and that Beeman, at the time of the assignment, knew that no consideration had been received by plaintiff for the execution of the note and had full knowledge of the pendency of the action for cancellation. The defendant, Sidney C. J. Feder, was served with process and made no appearance in the action. The defendants Charles H. Weygint and Edward J. Feder were not served with process and the action was accordingly dismissed as to them. The defendants Title Guarantee & Trust Company and E. D. Beeman filed a joint answer. The action proceeded to trial on the issues framed by the second amended complaint and supplemental complaint and the answer filed by the aforesaid defendants. Upon the conclusion of the trial the court rendered judgment in favor of plaintiff, decreeing cancellation of the promissory note and adjudging that the trust deed given to secure its payment is void and ordering the trustee, Title Guarantee & Trust Company to reconvey the real property described in the trust deed to the plaintiff. From the judgment so rendered the defendants Title Guarantee & Trust Company and E. D. Beeman have appealed.

The trial court found "that on or about the 15th day of February, 1930, defendant E. D. Beeman purchased the said promissory note and trust deed from Edward J. Feder for a valuable consideration, and that at said time said defendant acted in good faith and had no knowledge of any kind whatsoever of any fraud, or failure of consideration, or any defect whatsoever, in the said instrument other than such constructive notice as may have been effected by the *lis pendens* hereinabove referred to." With respect to the notice given to appellant, E. D. Beeman, by the filing of the notice of *lis pendens* the court made the following findings: "The court further finds that the *lis pendens* notice filed on the 19th day of July, 1928, was sufficient notice to the world of the infirmity claimed by the plaintiff to the

note and trust deed in controversy herein and that the title to the property was being questioned, and that persons taking title thereto subsequent to the filing of the *lis pendens* notice did so with constructive notice of the infirmities claimed by plaintiff as to said note and trust deed. . . . The court further finds that said E. D. Beeman was a stranger to this action when instituted by the plaintiff and that he acquired the authority of his claim during the pendency of said action and while said *lis pendens* notice was of record in Riverside county, California, and could not be an innocent purchaser, for value, under said conditions, and that said E. D. Beeman took the note and any rights under said trust deed with constructive notice of the infirmity of the note and trust deed prior to his acquiring the same or parting with anything of value therefor.''

Appellants' principal contention on this appeal is that the trial court incorrectly concluded that the notice of *lis pendens* filed by respondent at the time the action was instituted afforded constructive notice to appellant, E. D. Beeman, of the infirmities attaching to the promissory note and trust deed and that said appellant could not therefore occupy the favored position of a *bona fide* purchaser for value before maturity. It may be observed that the original notice of *lis pendens* was not amended and that no new notice was recorded after the original complaint was amended and additional parties were joined as defendant in the action. With respect to this fact the court found that the failure to amend the notice of *lis pendens* or to file a new notice after the amendment of the original complaint and additional parties were joined as defendants did not nullify the effect of the notice as affording constructive notice to anyone dealing with the property. It may also be observed that the court's finding that appellant E. D. Beeman purchased the note and trust deed prior to maturity of the note for a valuable consideration in good faith and without actual notice of any defect is not attacked by respondent. Careful consideration of the record presented through the medium of a bill of exceptions impels the conclusion that this finding is not lacking in evidentiary support, although we are not prepared to say that a finding that appellant, Beeman, did not act in good faith would not have been justified under the somewhat peculiar circum-

stances which surrounded his purchase of the note. The facts that appellant Beeman was the employer of E. J. Feder from whom he purchased the note and trust deed and that E. J. Feder is the brother of Sidney C. J. Feder, who was employed by Charles H. Weygint at the time respondent executed the note and trust deed and that Sidney C. J. Feder prepared the note and trust deed and on June 1, 1928, received these instruments from his employer Weygint as part payment of wages due him from Weygint and that Weygint and his wife indorsed the note "Without recourse" on June 1, 1928, and that Sidney C. J. Feder subsequently delivered the note and trust deed to Edward J. Feder and that Edward J. Feder on February 15, 1929, transferred the note and trust deed to his employer, Beeman, receiving therefor Beeman's check for $400 and a credit of $850 on his account with Beeman, to whom he was then admittedly indebted in an amount in excess of $1250, and that Edward J. Feder also assigned the note to Beeman "Without recourse" are circumstances which might conceivably have an important bearing on the question of the good faith of appellant Beeman.

However, in the face of the court's express finding that appellant Beeman was a *bona fide* purchaser of the note and trust deed for a valuable consideration prior to maturity of the note and that he had no actual notice of any defect or infirmity in the instruments, which finding is not attacked and which we cannot declare is lacking in evidentiary support, we cannot bring ourselves to agree with the court's conclusion that the notice of *lis pendens* afforded to appellant Beeman constructive notice of those infirmities in the note which respondent alleged in his complaint as grounds entitling him to the remedy of cancellation of that instrument.

The promissory note executed by respondent was made payable to the payee "or order", and there can be no doubt that it is a negotiable instrument. The court's conclusion that the filing of the *lis pendens* notice operated to give to a *bona fide* purchaser of the note for value before maturity constructive notice of respondent's equities is therefore contrary to the language of section 57 of the Uniform Negotiable Instruments Law, which was adopted by the state of California and made a part of the California Civil Code

in 1917. Section 3138 of the Civil Code contains the exact language which appears in section 57 of the Negotiable Instruments Law. This language is as follows: "Rights of Holder in Due Course. A holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

Although no California case has been called to our attention which specifically holds that the filing of a notice of *lis pendens* does not afford constructive notice of infirmities to a holder in due course of a negotiable instrument, it is obvious that application of the doctrine of constructive notice would be destructive of the spirit and purpose of the above-cited section of the code and directly contrary to the legislative intent therein clearly expressed. It would also be in direct conflict with the provisions of section 3137 of the Civil Code which declares that "to constitute notice of an infirmity or defect in the title of the person negotiating the same (instrument), the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith". (*Goodale* v. *Thorn*, 199 Cal. 307 [249 Pac. 211]; *Merced Security Sav. Bank* v. *Bent Bros.*, 207 Cal. 652, [279 Pac. 75]; *Robb* v. *Cardoza*, 110 Cal. App. 116 [293 Pac. 851].) Authorities from other jurisdictions are not lacking to support the principle that the doctrine of *lis pendens* is not applicable to the holder in due course of a negotiable instrument. A leading case in the United States which unequivocally announces the rule is the early case of *Winston* v. *Westfeldt*, 22 Ala. 760 [58 Am. Dec. 278]. This case was later followed in *Mayberry & Co.* v. *Morris*, 62 Ala. 115. It was followed in *Mims* v. *West*, 38 Ga. 18 [95 Am. Dec. 379]. It was cited with approval in *Holbrook* v. *New Jersey Zinc Co.*, 57 N. Y. 616, and in *Warren County* v. *Marcy*, 97 U. S. 96 [24 L. Ed. 977]. In *Enfield* v. *Jordan*, 119 U. S. 680 [7 Sup. Ct. 358, 30 L. Ed. 523], the Supreme Court of the United States announced that the doctrine of constructive notice arising from the pendency of an action is not applicable to the purchaser of negotiable securities before maturity. In *MacDermot* v. *Hayes*, 175 Cal. 95 [170 Pac.

616], the Supreme Court of California decided that the doctrine of *lis pendens* is inapplicable to the purchaser of shares of stock in a corporation who paid full value therefor without actual notice of the pendency of an action instituted for the purpose of having it declared that the stock was held in trust. The court observed that the injustice which is sometimes accomplished through the application of the doctrine of *lis pendens* to innocent purchasers of real property would be increased and rendered of more frequent occurrence if the doctrine were extended to specific personal property, "the possession or evidence of title whereof may be passed from hand to hand without public or written evidence of its transfer". It is also pointed out that section 409 of the Code of Civil Procedure, which is the statute permitting a plaintiff in an action affecting the title or right of possession of real property to file a notice of *lis pendens,* is limited in its application to cases affecting real property. Since it is settled that a promissory note is personal property (19 C. J., p. 798; *Hoxie* v. *Bryant,* 131 Cal. 85 [63 Pac. 153]), it follows that section 409 of the Code of Civil Procedure is not applicable and that the filing of the *lis pendens* notice by respondent did not convey to appellant Beeman, the holder in due course of the note, constructive notice of the maker's equities against the payee. What is here said with respect to the application of the doctrine of constructive notice to the holder in due course of a negotiable instrument relates solely to the promissory note which the record shows was purchased by appellant Beeman for value, in good faith, before maturity, and without actual knowledge of any infirmity or defect attaching thereto. It has no reference to the fact that payment of the note was secured by a trust deed on real property and we are not to be understood as expressing the opinion that a notice of *lis pendens* properly prepared and recorded in compliance with the provisions of section 409 of the Code of Civil Procedure may not operate to convey to the purchaser of a trust deed given to secure payment of a negotiable promissory note constructive notice of equities of the trustor against the beneficiary named in the trust deed.

 It is the principal contention advanced by the respondent that the judgment in his favor should be affirmed for the reason that the action was instituted not only for the

purpose of having the note canceled, but also for the purpose of having the trust deed which was given to secure payment of the note declared void. Since the action attacked the trust deed whereby title to real property was conveyed to a trustee for the benefit of the payee of the note, it is said that the action was one which affected the title to real property and therefore it is argued that the filing of the notice of *lis pendens* operated to give constructive notice to appellant Beeman of infirmities attaching to the trust deed, and the trial court's conclusion that Beeman was not and could not be a holder in due course of the trust deed is correct and must be sustained. It is apparent that the corner-stone of this contention is that the filing of the *lis pendens* notice at the time the original complaint in the action was filed afforded constructive notice of the pendency of the action to all future purchasers or encumbrancers of the property. It is likewise apparent that the judgment of the trial court in respondent's favor can be sustained only on the theory of constructive notice afforded by the medium of the *lis pendens* notice in the face of the court's finding that appellant Beeman purchased the note and trust deed in good faith prior to maturity of the note, that he paid a valuable consideration therefor and that at the time he purchased the instruments he had no actual notice of any infirmities or defects attaching to them or of any equities of the maker against the person who was named as the payee of the note and the beneficiary designated in the trust deed.

In the final analysis the correctness or incorrectness of this contention depends upon the construction of the statute which provides that the filing of a notice of *lis pendens* shall convey constructive notice of the pendency of an action. This statute, to which reference has heretofore been made, is section 409 of the Code of Civil Procedure. It is in the following language:

"*Notice of the pendency of an action affecting the title to real property.* In an action affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may record in the office of the recorder of the county in which the property is situated, a notice of the pendency of the action, containing

the names of the parties, and the object of the action or defense, and a description of the property in that county affected thereby. From the time of filing such notice for record only, shall a purchaser or encumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action, and only of its pendency against parties designated by their real names.''

The language of the concluding sentence of the statute is significant. It is therein expressly stated that a purchaser or encumbrancer of the property affected by the notice shall be deemed to have constructive notice only of the pendency of an action against parties designated by their real names. When, therefore, an action is instituted against a single defendant, a subsequent purchaser or encumbrancer of real property, the title to which will be affected by the action, can be charged with knowledge of the pendency of the action only as to the defendant named in the complaint. Application of the statute upon which respondent relies to the facts shown by the record discloses the following situation: Appellant Beeman at the time he purchased the trust deed from Edward J. Feder was charged with knowledge of the fact that an action was then pending wherein respondent was seeking to obtain a decree that a trust deed on the land described in the *lis pendens* notice executed by respondent in which Charles H. Weygint was named as the beneficiary was void on the grounds of fraud and total lack of consideration. However, since appellant Beeman was not purchasing the trust deed from Weygint, the sole defendant mentioned in the *lis pendens* notice and in the original complaint; he was not charged with knowledge that his vendor, Edward J. Feder, was in any manner implicated in the fraud or that the trust deed in Feder's hands was subject to any equity or defense on the part of respondent against Feder. In other words, appellant Beeman was entitled to assume that Feder was the rightful owner of the promissory note and the rightful holder of the trust deed given to secure it and that respondent could not sucessfully challenge Feder's ownership of the instruments or set up any defense or equity that would prevail against Feder. The record further shows that prior to the filing of the original complaint and the notice of *lis pendens,* Charles H. Weygint, the sole defendant named in the complaint

and notice, had transferred the note and trust deed. The filing of the notice was not, therefore, sufficient to put appellant Beeman on notice and he accordingly took the instruments free from the cloud of the proceedings which had been instituted by respondent for the purpose of having the note canceled and the trust deed declared void (*City Properties Co.* v. *Fitzmaurice,* 42 Cal. App. 16, 19 [183 Pac. 267]).

In an effort to sustain the judgment respondent contends that the effect of the indorsement by which appellant Beeman acquired title to the note was to make Beeman a mere assignee of the instrument which he took subject to such equities as were available to respondent against Beeman's assignor. The indorsement to Beeman is in the following language: "For value received, I, the undersigned, do hereby transfer and assign to E. D. Beeman the within note, together with all rights accrued, or to accrue, under the deed of trust or contract securing the same, as far as the same relates to this note, and without recourse (signed) Edward J. Feder." It may be observed incidentally that the language of the indorsement to Edward J. Feder by the payee named in the note is identical with the above-quoted language except as to the names appearing therein. It may be conceded that the language of the indorsement to appellant Beeman indicates that the indorsement was a qualified indorsement within the meaning of section 3119 of the Civil Code. This section is in the following language: "Qualified indorsement. A qualified indorsement constitutes the indorser a mere assignor of the title to the instrument. It may be made by adding to the indorser's signature the words 'without recourse' or any words of similar import. Such an indorsement does not impair the negotiable character of the instrument." The last sentence of the section would appear to furnish a complete answer to respondent's argument. If a qualified indorsement does not impair the negotiability of an instrument which is otherwise negotiable no reason suggests itself why one who takes such an instrument before maturity, without knowledge of defects, and pays value therefor should not, as to the maker of the instrument, occupy the position of a holder in due course.

The effect of a qualified indorsement is merely to limit the liability of the indorser who makes it. This limitation specifically attached to the indorsement giving notice to all

future takers that such an indorser will not be liable in case of nonpayment by the maker has, however, no effect upon the engagement of the maker which is that he will pay the instrument according to its tenor (Civ. Code, sec. 3141). This rule is clearly established by the great weight of authority in the United States and is in conformity with reason and principle (1 Daniel on Negotiable Instruments, 6th ed., p. 778; Brannan's Negotiable Instruments Law, 4th ed., p. 323; 8 C. J., p. 517; 3 R. C. L., p. 1078; *Hamilton* v. *Fowler*, 99 Fed. 18, 23; *Beach* v. *Bennett*, 16 Colo. App. 459 [66 Pac. 567]; *Dollar Savings & Trust Co.* v. *Crawford*, 69 W. Va. 109 [70 S. E. 1089, 33 L. R. A. (N. S.) 587, 592]; *Stevenson* v. *O'Neal*, 71 Ill. 314; *Thorpe* v. *Mindeman*, 123 Wis. 149 [101 N. W. 417, 107 Am. St. Rep. 1003, 68 L. R. A. 146]; *Neely* v. *Black*, 80 Ark. 212 [96 Pac. 984]; *Mayes* v. *Robinson*, 93 Mo. 114 [5 S. W. 611]).

 The trial court inferentially concluded that a duty rested upon appellant Beeman to make inquiry regarding the possible existence of infirmities in the note before he took it. In this the court was mistaken. As hereinabove noted the court specifically found that appellant Beeman was a holder in due course of the instrument and it is settled that no duty to inquire as to possible infirmities rests upon the holder in due course of a negotiable instrument (*Smith* v. *Armstrong*, 85 Cal. App. 624, 631 [260 Pac. 347]).

For the reasons stated, the judgment is reversed.

Barnard, P. J., and Marks, J., concurred.