Filed7/9/14  Irizarry v. Bank of New York Mellon CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MESHA MONGE-IRIZARRY,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON,<br>as Trustee, etc., et al.,<br><br>        Defendants and Respondents. | A139993<br><br>(San Francisco County<br>Super. Ct. No. CGC12-521821) |

Mesha Monge-Irizarry filed suit to set aside a foreclosure sale and regain title to the property at 900 Ingerson Avenue in San Francisco (the property).  In a prior suit, Monge-Irizarry regained title to the property from Naim and Marie Harrison, who had purchased the property, asserting breach of contract and an unrecorded life estate interest in the property.  However, the Harrisons had obtained a purchase money finance loan and a deed of trust (later assigned to The Bank of New York Mellon[1] (BONYM)) was recorded before Monge-Irizarry sued the Harrisons.  The Harrisons defaulted, the defendants foreclosed, and the property was sold at public auction.

The defendants demurred to Monge-Irizarry's third amended complaint (TAC). The trial court sustained the demurrer without leave to amend and entered judgment, dismissing the suit.  On appeal, Monge-Irizarry proposes a legal theory to the effect that the defendants are powerless to exercise their rights under the deed of trust because of the judgment she obtained against the Harrisons.  That legal theory is contrary to basic

---

[1]  BONYM was formerly known as The Bank of New York.

1

property law.  We sustain the judgment of the trial court because Monge-Irizarry has failed to allege facts sufficient to sustain a cause of action under any legal theory, and we find no reasonable possibility that she could do so if given the opportunity to amend.

## BACKGROUND

### I. *Factual Background*

Because this appeal arises from the sustaining of a demurrer, we state facts as contained in Monge-Irizarry's TAC, as well as other matters that have been judicially noticed.  (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 264.)

On November 21, 2006, Monge-Irizarry sold the property to the Harrisons.  She retained a life estate on the property, but the grant deed to the Harrisons makes no such reservation.

The Harrisons obtained a purchase money finance loan, secured by a first deed of trust against the property that was recorded on November 21, 2006.  The deed of trust designates Wilmington Finance, Inc. (Wilmington) as lender, Fidelity National Title as trustee, and Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for lender.

In March 2008, Monge-Irizarry initiated a lawsuit against the Harrisons and a lis pendens was recorded.  The lawsuit was for rescission of the sales contract, among other causes of action, and sought return of the property.

On August 26, 2009, a notice of default and election to sell under the deed of trust was recorded.

On January 15, 2010, MERS assigned the note and deed of trust to BONYM as "Trustee for the Certificateholders, CWABS, Inc. asset-backed certificates series 2007-BC2, Series 2007-BC2" and substituted Recontrust Company, N.A. (Recontrust) as trustee of the deed of trust.  This assignment and substitution was recorded on January 29, 2010.

On April 20, 2011, Recontrust, as trustee, recorded a notice of trustee's sale.

On July 15, 2011, Monge-Irizarry obtained a default judgment (the prior judgment) against the Harrisons that rescinded the sale to the Harrisons and restored title

2

of the property to her.  On August 9, 2011, a copy of the prior judgment was recorded by the county recorder.

On August 15, 2011, Recontrust, as trustee, sold the property at a public auction. BONYM purchased the property for $279,000.  The trustee's deed upon sale was recorded September 1, 2011.

Monge-Irizarry alleged, upon information and belief, that BONYM then sold the property to Bank of America (BOA).

Monge-Irizarry's TAC implies that she has resided on the property from 2006 to the present.

## II.  *Procedural Background*

On June 22, 2012, Monge-Irizarry filed an unverified complaint, naming as defendants BONYM, BOA, Recontrust, and all persons claiming a right or interest in the property.  The complaint asserted nine causes of action:  (1) negligence; (2) fraud; (3) to set aside the trustee's sale; (4) to void or cancel the trustee's deed upon sale; (5) wrongful foreclosure; (6) breach of warranty of habitability; (7) unjust enrichment; (8) violation of Business and Professions Code section 17200 et seq.; and (9) quiet title.

BONYM, BOA, and Recontrust demurred to the complaint.  Instead of opposing the demurrer, Monge-Irizarry filed a first amended complaint (FAC) on September 17, 2012.[2]  The FAC asserted eight causes of action:  (1) negligence; (2) fraud; (3) to set aside the trustee's sale; (4) to void or cancel the trustee's deed upon sale; (5) wrongful foreclosure; (6) breach of warranty of habitability; (7) unjust enrichment; and (8) quiet title.

BONYM, BOA, and Recontrust demurred to the FAC.  Monge-Irizarry opposed the demurrer.  On December 14, 2012, the court sustained the demurrer with leave to amend.

---

[2]  The record contains a September 18, 2012, order sustaining the demurrer to the original complaint with leave to amend, although the order refers to "Plaintiff, Kimberly Cox's First Amended Complaint."

3

Monge-Irizarry filed a second amended complaint (SAC) on January 15, 2013. The SAC asserted the same eight causes of action as the FAC. BONYM, BOA, and Recontrust demurred to the SAC. Monge-Irizarry opposed the demurrer. On April 19, 2013, the court sustained the demurrer "with leave to amend to allege tender; duty under [Civil Code section] 2924b[, subdivision] (c)(2), breach of duty under [Civil Code section] 2924g; fraud with particularity; all elements of breach of warranty of habitability. Plaintiff shall also allege actionable conduct in view of *Ross v. Title Guar. & Trust Co.* (1934) 136 Cal.App. 393, 399)."

Monge-Irizarry filed the TAC on May 9, 2013. The TAC asserted six causes of action: (1) to set aside the trustee's sale; (2) to void or cancel the trustee's deed upon sale; (3) wrongful foreclosure; (4) breach of warranty of habitability; (5) unjust enrichment; and (6) quiet title. All causes of action were asserted against "the foreclosing defendants." In addition, the fourth cause of action was asserted against BOA and the sixth cause of action was asserted against BOA and all persons claiming a right or interest in the property. The only substantive change from the SAC to the TAC was to drop the causes of action for negligence and fraud.

BONYM, BOA, and Recontrust demurred to the TAC. Monge-Irizarry opposed the demurrer. On August 7, 2013, the court sustained the demurrer without leave to amend: "Despite being given an opportunity to do so, Plaintiff failed to allege tender and all elements of cause of action for breach of warranty of habitability. Additionally, Plaintiff fails to cite any authority for the proposition that by virtue of assignment Deed of Trust loses its priority. See *Hohn v. Riverside County* (1964) 228 Cal.App.2d 605; [Code of Civil Procedure section] 764.045."

On August 7, 2013, the court entered judgment, dismissing Monge-Irizarry's suit with prejudice.

On October 7, 2013, Monge-Irizarry timely filed a notice of appeal.

## DISCUSSION

We review an order sustaining a demurrer de novo, assuming "the truth of all facts properly pleaded in the complaint or reasonably inferred from the pleading, but not mere

4

contentions, deductions, or conclusions of law. [Citation.] We then determine if those facts are sufficient, as a matter of law, to state a cause of action under any legal theory. [Citation.] [¶] In making this determination, we also consider facts of which the trial court properly took judicial notice. [Citation.] Indeed, a demurrer may be sustained where judicially noticeable facts render the pleading defective [citation], and allegations in the pleading may be disregarded if they are contrary to facts judicially noticed." (*Scott v. JP Morgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 751-752.)

## I. *The Effect of the Lis Pendens and Prior Judgment*

Monge-Irizarry believes that because she recorded a lis pendens when she initiated her suit against the Harrisons in 2008, the assignment of the deed of trust to BONYM and the appointment of Recontrust as trustee in 2010 were "subject to the [j]udgment for [p]laintiff rendered in the underlying litigation."

The recording of a lis pendens provides constructive notice to subsequent title holders of a property: "From the time of recording the notice of pendency of action, a purchaser, encumbrancer, or other transferee of the real property described in the notice shall be deemed to have constructive notice of the pendency of the noticed action as it relates to the real property and only of its pendency against parties not fictitiously named. The rights and interest of the claimant in the property, as ultimately determined in the pending noticed action, shall relate back to the date of the recording of the notice." (Code Civ. Proc., § 405.24.)

## A. *The Effect of the Prior Judgment on the 2006 Deed of Trust*

The first issue we must address is what effect the lis pendens and prior judgment, returning title of the property to Monge-Irizarry, had on the deed of trust that was recorded in 2006, after the transfer to the Harrisons and before the filing of the lis pendens. Civil Code section 1214 makes clear that the judgment returning title to Monge-Irizarry had no effect on the deed of trust, because the deed of trust was recorded prior to the lis pendens: "Every conveyance of real property or an estate for years therein, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good

5

faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless the conveyance shall have been duly recorded prior to the record of notice of action." Moreover, Code of Civil Procedure section 764.045, subdivision (a), provides that the prior judgment does not affect a claim in the property that "was of record at the time the lis pendens was filed."

That the deed of trust has priority over the prior judgment is also supported by case law: "A purchaser or encumbrancer who pays valuable consideration for his interest in real property in good faith and who records his interest, receives his interest free and clear of all prior unrecorded claims in the property which are unknown to him." (*Reiner v. Danial* (1989) 211 Cal.App.3d 682, 689-690; see also 5 Miller & Starr, Cal. Real Estate (3d ed. 2009) § 11:50, pp. 11-169 to 11-178.) Wilmington acquired its interest in the deed of trust free and clear of Monge-Irizarry's interest in enforcing the unrecorded terms of her sale contract with the Harrisons. When Monge-Irizarry later enforced those unwritten terms by successfully suing the Harrisons to rescind the sale, what she obtained was not title free and clear of all encumbrances, but rather title subject to Wilmington's deed of trust.

**B. *The Effect of the Prior Judgment on the Assignment of the Deed of Trust***

Monge-Irizarry does not appear to dispute that the title returned to her in the prior judgment remained encumbered by the deed of trust. Instead she argues that the notice, recorded in 2010, assigning the deed of trust to BONYM and substituting Recontrust as trustee, was "clouded by the actual and constructive notice" these entities had of the lis pendens and that BONYM is "a subsequent purchaser [] subject to any judgment that is recovered in the litigation." She argues that "[t]he defendants were all successors in interest by title, and had both actual and constructive notice." Monge-Irizarry seems to be arguing that while the deed of trust was still a valid encumbrance on the property, the lis pendens and prior judgment deprived a later assignee of the deed of trust of the right to enforce its terms. We find no support for that proposition.

6

**1. *Res Judicata Has No Application***

Monge-Irizarry relies primarily on Code of Civil Procedure section 1908, subdivision (a)(2): "(a) The effect of a judgment or final order in an action or special proceeding before a court or judge of this state, or of the United States, having jurisdiction to pronounce the judgment or order, is as follows:  [¶] . . . [¶] (2) In other cases, the judgment or order is, *in respect to the matter directly adjudged*, conclusive *between the parties and their successors in interest* by title subsequent to the commencement of the action or special proceeding, *litigating for the same thing under the same title and in the same capacity*, provided they have notice, actual or constructive, of the pendency of the action or proceeding."  (Italics added.)  Code of Civil Procedure section 1908, subdivision (a)(2), is "a codification of the res judicata doctrine." (*Federation of Hillside and Canyon Associations v. City of Los Angeles* (2004) 126 Cal.App.4th 1180, 1205.)  Monge-Irizarry blithely asserts application of res judicata without calling it by that name and without serious examination of its elements.[3]  In her suit against the Harrisons, the "matter directly adjudged" was her sales contract with the Harrisons and *their* respective rights to title of the property.  The primary issue in this case concerns the exercise of rights under the deed of trust.  Monge-Irizarry sought no relief against the beneficiary of the Harrisons' purchase money deed of trust in her suit against the Harrisons.  The litigation here is not "for the same thing" nor do the

---

[3]  Monge-Irizarry examines the elements in her reply brief.  However, she does so in a manner that verges on frivolous argument.  For example, she states:  " '*And the same capacity*' refers to both sides of this dispute.  Both sides have the capacity to purchase real property."

Also in her reply brief, Monge-Irizarry cites *People ex rel. State of Cal. v. Drinkhouse* (1970) 4 Cal.App.3d 931, 937, regarding concepts of privity.  In *Drinkhouse*, the court concluded that "[c]onsiderations of public policy of the orderliness of titles, and of the finality of litigation, impel us to the conclusion that appellants . . . are precluded from retrying the essential issue in the case." (*Id.* at p. 939.)  *Drinkhouse* has no application here, where the essential issues are completely different than those litigated in Monge-Irizarry's suit against the Harrisons.

defendants appear "in the same capacity" as the Harrisons. Code of Civil Procedure, section 1908, subdivision (a)(2) has no application.

Monge-Irizarry attempts to get around the difficulty of asserting res judicata by mischaracterizing her suit against the Harrisons as a quiet title action.[4] To the contrary, the complaint against the Harrisons does not contain the words "quiet title" and sought only damages, rescission of the sales contract, and return of the property. The judgment in that case did not purport to quiet title and simply ordered "return of Title No. 06-454169-KD of the 'home property' at 900 Ingerson Street in San Francisco, California, APN (Parcel No.) Lot 54, Block, 4965 from the names of Defendants Naim Harrison and Marie Harrison to the name of Plaintiff, Mesha Monge-Irizarry."

## 2. *Monge-Irizarry's Legal Theory is Contrary to Property Law*

Monge-Irizarry's legal theory is contrary to Wilmington's interest in the deed of trust that was free and clear of all prior unrecorded claims in the property, including Monge-Irizarry's claim against the Harrisons. "The interest of a bona fide purchaser or encumbrancer would be of little value and unmarketable if it were subject to a prior claim that is not enforceable against the bona fide purchaser but it becomes enforceable against his or her transferee. Therefore, a title or lien held by a bona fide purchaser or encumbrancer can be conveyed to a grantee or assignee free and clear of a prior unknown interest even if the grantee or assignee does not fulfill the requirements of a bona fide purchaser or encumbrancer." (5 Miller & Starr, *supra*, § 11:58, pp. 11-189 to 11-190.) "A bona fide purchaser can convey his entire interest or title free and clear of outstanding but undisclosed and unrecorded equities prior in point of time to the claims of such purchaser, even . . . to a transferee or grantee with notice of such equities." (*Jones v. Independent Title Co.* (1944) 23 Cal.2d 859, 861.)

---

[4] Monge-Irizarry corrected her mischaracterization of the suit against the Harrisons as a quiet title action in her reply brief. However, she appears not to appreciate that this means that the prior judgment had no effect on the rights provided by the deed of trust.

8

The prior judgment had no effect on Wilmington's deed of trust, which was held free and clear of all prior unrecorded claims in the property, such as those Monge-Irizarry asserted against the Harrisons. When the deed of trust was later assigned to BONYM, BONYM received the deed of trust free and clear of Monge-Irizarry's claims, even though it had constructive notice of Monge-Irizarry's action against the Harrisons. Accordingly, the lis pendens and prior judgment had no effect on the defendants' ability to exercise their rights provided by the deed of trust.

## II. *The Causes of Action*

We examine each of Monge-Irizarry's causes of action and conclude that the facts alleged are insufficient to support the stated causes of action. Nor do the facts alleged support a cause of action under any legal theory.

## A. *Causes of Action Related to the Foreclosure Sale and to Quiet Title*

The first three causes of action were to set aside the trustee's sale, to void or cancel the trustee's deed upon sale, and for wrongful foreclosure. The sixth cause of action was to quiet title. These causes of action are all interrelated and depend on Monge-Irizarry's legal theory concerning the effect of the lis pendens and prior judgment, which we have rejected. Monge-Irizarry alleged two other legal theories within these causes of action, which we also reject.

The TAC contains the allegation that "[t]he Foreclosing Defendants never had the legal authority to foreclose . . . because the Foreclosing Defendants' interest was never acknowledged and recorded in violation of Civil Code [section] 2932.5."

Civil Code section 2932.5 provides: "Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded." This Civil Code section is in Division 3 ("Obligations"), Part 4 ("Obligations Arising from Particular Transactions", Title 14 ("Lien"), Chapter 2 ("Mortgage"). It does not

9

apply to deeds of trust. (*Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1497-1498.)

The TAC also contains the allegation that "the defendant has not yet shown that it holds all the legal documents required in order to conduct a foreclosure. Nor was reasonable notice given to Plaintiff by Defendants." "[T]he foreclosing beneficiary-creditor need not produce the promissory note or otherwise prove it holds the note to nonjudicially [foreclose] on a real property security." (*Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 512.) Monge-Irizarry also alleges no facts that would have entitled her to notice of the trustee's sale, such as the recording of a request for such notice, pursuant to Civil Code section 2924b, subdivision (a).[5]

We conclude, as did the trial court, that Monge-Irizarry's TAC fails to allege facts supporting causes of action 1, 2, 3 and 6.

**B.** *Fourth Cause of Action: Breach of Warranty of Habitability*

As an alternative to her other causes of action, Monge-Irizarry alleged that if BONYM is the lawful owner of the property, then she is a tenant and BONYM has breached the implied warranty of habitability by failing to repair "open and notorious defects at the subject premises . . . ."

The "implied warranty of habitability does not require that a landlord ensure that leased premises are in perfect, aesthetically pleasing condition, but it does mean that 'bare living requirements' will be maintained." (*Green v. Superior Court* (1974) 10 Cal.3d 616, 637.)

Whether or not Monge-Irizarry and any of the defendants are in a landlord-tenant relationship, the TAC fails to specifically allege any defect affecting the habitability of the premises, making only the conclusory allegation that "[m]aterial defective conditions affect the habitability of the premises."

---

[5] We note that Monge-Irizarry, on the facts alleged, is not among those to whom notice is mandated by Code of Civil Procedure, section 2924b, subdivision (c).

**C.** *Fifth Cause of Action:  Unjust Enrichment*

" '[T]here is no cause of action in California for unjust enrichment.'  [Citations.] Unjust enrichment is synonymous with restitution."  (*Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1370.)  Under this "cause of action," Monge-Irizarry alleges no new facts that would support any other cause of action.  No facts tend to show that the defendants were enriched at Monge-Irizarry's expense.  Monge-Irizarry lost her interest in the property as a result of the Harrisons' default on their purchase money loan and their breach of the unwritten terms of their contract with her, not as a result of the defendants' actions.

**D.** *The Facts do not Support a Cause of Action Under Any Legal Theory*

As we have noted, we must determine if the facts alleged in the TAC are sufficient, as a matter of law, to state a cause of action under any legal theory.  Monge-Irizarry does not suggest any legal theories, other than those we have already rejected, such that the alleged facts would support a cause of action, nor do we find any.

**III.** *Leave to Amend*

Monge-Irizarry contends that "[l]eave to amend should not have been denied, if there was any shortcoming."

We review the denial of leave to amend for abuse of discretion, which is demonstrated "if there is a reasonable possibility that the pleading can be cured by amendment."  (*Lee v. Los Angeles County Metropolitan Transportation Authority* (2003) 107 Cal.App.4th 848, 854.)  It is "appellant's duty to spell out in [her] brief the specific proposed amendments on appeal."  (*People ex rel. Brown v. Powerex Corp.* (2007) 153 Cal.App.4th 93, 112.)  Here, Monge-Irizarry proposes no specific amendments in her brief.  Monge-Irizarry has already amended her brief three times and we find no reasonable possibility that a fourth amendment could cure the defects inherent in any of her causes of action.

11

## DISPOSITION

The judgment of the trial court is affirmed.

_____
Brick, J.*

We concur:

_____
Kline, P.J.

_____
Richman, J.

* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.