Argued October 17, reversed and nonsuit ordered November 6, 1917.

## WHITNEY v. DAY.

(168 Pac. 295.)

**Interpleader—Grounds—Independent Liability.**

1. It is of the essence of interpleader that plaintiff must be indifferent between those claiming from him and must not have incurred any independent obligation in favor of either.

[As to the right of interpleader, see note in 91 **Am. St. Rep.** 593.]

**Attachment—Garnishment—Note—Procedure—Sufficiency.**

2. A note may be attached; but, if it was not in the possession of the debtor named in the writ, notice should be served upon the indorsee having possession, together with a copy of the writ, specifying the property attached, as required by Section 300, L. O. L.

Mortgages—Rights of Subsequent Attachment Creditor.

3. In a suit involving the rights of the purchaser of a note secured by a mortgage and attachment creditors of indorser, where the note was procured before attachment, that the assignment of the mortgage was recorded after attachment would be immaterial; the note being the principal obligation.

Pleading—Conclusions.

4. The allegation that the assignment of the note was without consideration, and made for the purpose of hindering, delaying and defrauding defendants, is a mere conclusion.

Bills and Notes—Innocent Purchasers—Fraudulent Intent of Seller.

5. Where the purchaser of a note before maturity paid full value therefor, that she knew that payee was indebted to others did not defeat the transaction, unless she knew of the fraudulent purpose to defraud creditors.

Garnishment—Proceedings—Sufficiency.

6. The service of notice of garnishment upon makers of the note did not give the officer any authority over the note itself, where the note was not in their possession, and he could not sell the note under an execution.

Garnishment—Levy Under Execution—Procedure.

7. Under Section 234, L. O. L., with reference to execution against property of garnishee, if the note was due, the only proceeding was to demand payment of garnishee, in default of which levy should be made; but, if the note was not due, it should have been sold pursuant to proper levy.

From Marion: WILLIAM GALLOWAY, Judge.

Department 1.    Statement by MR. JUSTICE BURNETT.

In this suit the gist of the complaint is that on January 6, 1915, the plaintiffs executed and delivered to Victoria E. Newberry their note for $750, securing the same by a real estate mortgage; that afterward Phillips and later Day each commenced an action against Mrs. Newberry, who in the meantime had married a man named Young. In respect to both of these cases, without stating the nature of them, it is said in the complaint that as to the Phillips action on June 23, 1915, and as to that of Day on July 22, 1915, the plaintiffs herein were duly served with a copy of the writ of attachment together with notice to them

as garnishees, and "that plaintiffs made their return upon said notice to garnishee to the sheriff serving the same that they were indebted to the said Victoria E. Young in the said sum of $750 as evidenced by said promissory note and mortgage above referred to." It is further averred that on October 8, 1915, Day took judgment against Young, "and thereafter on October 16, 1916, duly issued execution, and on November 2, 1915, duly sold all the right, title and interest of the said Victoria E. Young in and to said note and mortgage, made by these plaintiffs to said Victoria E. Young, subject to the interests of defendant M. F. Phillips by virtue of said garnishment proceedings of said M. F. Phillips above referred to." The complaint goes on to state, in substance, that defendant Louise Heidecker afterward demanded from plaintiffs the payment of the interest due on the obligation, claiming to hold the same as the assignee of Young; that the note and mortgage have not been assigned to Heidecker on the mortgage records for Marion County and plaintiffs have no knowledge whether or not they are held by Heidecker; that a controversy has arisen between defendants, each demanding payment of the interest from plaintiffs, who are ignorant of the rights of the claimants. The essence of the prayer is that the defendants be enjoined from commencing any action or suit against the plaintiff, that they be required to establish their claim to the money, and that plaintiffs be permitted to pay the same into court. The entire complaint is admitted by the defendants Day and Phillips in their answer. They further allege the making and delivery of the note, the commencement of the actions of Phillips and Day, and the service of the writ of attachment and the execution all prac-

tically in the verbiage used in the complaint. They say that the levies of both of the defendants under the attachments were made prior to the time Heidecker had the assignment of the mortgage recorded in Marion County and prior to the maturity of the note, and go on to state that:

"Said defendants by levies became the innocent purchasers of all funds in the hands of plaintiffs herein for the satisfaction of their said claims against the said Victoria E. Newberry, and that said levies against said funds in the hands of plaintiffs by defendants Day and Phillips were made prior to any assignment of the note and mortgage to defendant Heidecker, and that said assignment is without consideration and made for the purpose of hindering, delaying, and defrauding said defendants in the collection of their claims."

That upon the execution sale in the case of Day against Victoria E. Young the former became the purchaser of said note and mortgage subject to the interest of defendant Phillips, and that as such purchaser Day is now the owner and entitled to the possession of said note and mortgage.

Louise Heidecker answering, admits the execution of the mortgage, challenges the remainder of the complaint in important particulars, and alleges, in substance, that on April 1, 1915, Victoria E. Newberry sold to her for the sum of $765, the note described in the complaint, the same being due on or before January 1, 1918, payable to the order of Victoria E. Newberry, and secured by mortgage as stated in the complaint, and ever since April 1, 1915, the defendant Heidecker has been and now is the legal owner and holder of said note and mortgage for value and in due course; that whatever claim, if any, the defendants Day and

Phillips have upon the note by virtue of the legal proceedings mentioned in their answer accrued after the defendant Heidecker had bought, paid for, and took possession of the note; and finally that the plaintiffs had notice of the ownership of the note by Heidecker. before the beginning of the present suit.

Issues were joined on the pleadings, and after a hearing before the Circuit Court is entered a decree in substance adjudging that Day is the owner of the note and mortgage in question, subject to the interest of Phillips under the attachment mentioned; that the assignment from Victoria E. Young, formerly Victoria E. Newberry, to Heidecker is void as to Day and Phillips; that Heidecker be restrained from transferring the obligations or otherwise disposing of the same or instituting any action thereon so as to prejudice the rights of defendants Day and Phillips, that the money deposited in court by the plaintiffs be adjudged to be the property of Day and Phillips, and that the latter recover costs and disbursements from Heidecker; hence this appeal by the latter.

Reversed. Decree Rendered.

For defendant-appellant there was a brief over the names of *Mr. Frank A. Turner* and *Mr. Rex A. Turner,* with an oral argument by *Mr. Frank A. Turner.*

For plaintiff-respondents there was a brief over the name of *Messrs. Smith & Shields,* with an oral argument by *Mr. Roy F. Shields.*

For defendants-respondents there was a brief with oral arguments by *Mr. Robin D. Day* and *Mr. Walter C. Winslow.*

MR. JUSTICE BURNETT delivered the opinion of the court.

It is conceded and amply proved that plaintiffs, on January 6, 1915, borrowed from Mrs. Newberry $750, for which they made, executed and delivered to her their promissory note of that date, payable January 1, 1918, to her order, with interest after date at the rate of 8 per cent per annum, which note they secured by their mortgage of that date upon real property in Marion County, recorded therein January 7, 1915. It is abundantly established that on April 1, 1915, the defendant Heidecker paid Mrs. Newberry $765 for the note in question, and that the latter then and there indorsed the same to the former, who ever since then has had the same in her possession as the holder thereof. The pleadings show that there is no pretense of any claim against the note or mortgage on the part of either Phillips or Day until June 23, 1915, on the part of Phillips, and July 22, 1915, on the part of Day.

1. Under these circumstances it may well be doubted whether a bill of interpleader will lie on behalf of the makers of the note as against Miss Heidecker. It is of the essence of interpleader that the plaintiff must be indifferent as between those claiming from him. He must not have incurred any independent obligation in favor of either party. In this instance the plaintiffs made their negotiable promissory note, and sent it on its course as "current money among the merchants." They knew that it was subject to transfer in due course and that an innocent holder thus acquiring title to it would take it free of all claims excusing them from its payment. There is strong reason for saying that in answering as they did to the

86 Or.—18

writs of attachment served upon them they did so at their peril and incurred an obligation, if at all, which was independent and not connected with their liability upon their original promise to pay. In brief, we may well hesitate before saying that one who signs a negotiable instrument can heedlessly admit himself liable to the attachment debtor merely because the latter was the original payee, and then call upon the innocent holder to aid in extricating the maker from the predicament in which he finds himself. On this subject the text and notes of the following precedents may be read with profit: *Tyus* v. *Rust,* 37 Ga. 574 (95 Am. Dec. 365); *Stephenson, etc.* v. *Burdett,* 56 W. Va. 109 (48 S. E. 846, 10 L. R. A. (N. S.) 748); *Rauch* v. *Ft. Dearborn National Bank,* 223 Ill. 507 (79 N. E. 273, 11 L. R. A. (N. S.) 545); *Connecticut Mutual Life Insurance Co.* v. *Tucker,* 23 R. I. 1 (49 Atl. 26, 91 Am. St. Rep. 590).

2. Passing this, however, and because the suit has been submitted by all parties on the merits, we proceed to consider the matter more at length as a contest between the defendant Heidecker on the one part and Day and Phillips on the other. The latter aver that they levied their attachment prior to any assignment of the note or mortgage to Heidecker and that said transfer is without consideration and was made for the purpose of hindering, delaying and defrauding them in the collection of their claims. In the first place, it is manifest from the record that the sheriff never levied upon or ever had the note in his possession. That paper was not the property of the defendant in the writ. It belonged to the indorsee, Heidecker, and has always been in her possession since she took it by indorsement in due course. It is true that promissory notes may be attached like any other property.

*Fishburn* v. *Londershausen,* 50 Or. 363 (92 Pac. 1060, 15 Ann. Cas. 975, note, 14 L. R. A. (N. S.) 1234, note). If the instrument had been in the possession of the debtor in the writ, it was the duty of the sheriff to take it from her possession into his own custody. If it was in the possession of the defendant Heidecker, notice should have been served upon her together with a copy of the writ of attachment specifying the property attached: Section 300, L. O. L.

3. It is said that the levies of Day and Phillips were made prior to any assignment of the note and mortgage to the defendant Heidecker. It is true that the assignment of the mortgage was not recorded until January 24, 1916. This does not affect the negotiability of the note secured by it. The note is the principal obligation. The mortgage is a mere incident thereto. By operation of law the title to the same follows the instrument which it secures when the principal obligation is transferred in due course. The liability of plaintiffs depended upon the note they gave. In strictness they cannot be said to owe the mortgage; they owe the note and the debt represented thereby.

4, 5. The allegation that the assignment of the note to Heidecker was without consideration and made for the purpose of hindering, delaying and defrauding the defendants Day and Phillips is utterly unproved and besides is a mere conclusion. There is no dispute but that Heidecker paid full value for the note. It is not shown in the pleadings or by the evidence that when Heidecker paid for the notes she had any knowledge whatever of the existence of the defendant Day and Phillips. Mrs. Newberry was not deprived of her right to sell her property because she owed money to others. Even if Miss Heidecker knew that Mrs. Newberry was in debt, it would not deprive either of them

of the right to buy or sell the note. In such cases in order to defeat the transaction it must be shown that at the time of the transfer the purchaser knew of the fraudulent purpose and intent of the seller to defraud creditors of the latter, and that in participating in such a nefarious scheme the buyer took title to the property: *Phipps* v. *Willis,* 53 Or. 190 (96 Pac. 866, 99 Pac. 935, 18 Ann. Cas. 119, note); *Ball* v. *Danton,* 64 Or. 184 (129 Pac. 1032); *Coffey* v. *Scott,* 66 Or. 465 (135 Pac. 88); *Coolidge* v. *Oberlin,* 66 Or. 563 (135 Pac. 167); *Lane* v. *Myers,* 70 Or. 376 (141 Pac. 1022, Ann. Cas. 1915D, 649); *Sabin* v. *Kyniston,* 81 Or. 358 (159 Pac. 69).

6. Day and Phillips say that they commenced action against Victoria E. Young, but whether it was one in which a writ of attachment could have been issued does not appear from their pleading. They aver that in answer to the writ of attachment, the plaintiffs made return that they were indebted to Victoria E. Young in the sum of $750 as evidenced by the promissory note and mortgage above referred to. It does not appear by the pleadings of Day and Phillips whether or not the indebtedness to Young was due. They state they took judgment against Young, but nothing is said in their pleadings about an order having been made to sell the debt which they claim to have attached. Then Phillips and Day allege that the latter duly took judgment against Young and "duly issued execution, and on the 2d day of November, 1915, duly sold all the right, title and interest of the said Victoria E. Young in and to said note and mortgage." The record utterly fails to establish this allegation, for, as we have seen, the sheriff never had possession of the note; neither did the notice of garnishment served upon the plaintiffs give the officer any authority over the note

itself for the same was never in the possession or in the control of the plaintiffs after they delivered it to their payee. The sheriff, therefore, could not sell the note.

Section 234, L. O. L., in treating of execution against property in the possession of the garnishee, says:

"In the case of property in the possession of or owing from any garnishee mentioned in Section 303, the sheriff shall proceed as follows:—1. If it appear from the certificate of the garnishee that he is owing a debt to the judgment debtor, which is then due, if such debt is not paid by such garnishee to the sheriff on demand, he shall levy on the property of the garnishee for the amount thereof, in all respects as if the execution was against the property of the garnishee; but if such debt be not then due, the sheriff shall sell the same according to the certificate, as other property."

Considering this point without reference to the note, but only as to the indebtedness irrespective of the evidence thereof, we observe that the answer of the garnishee as pleaded does not show whether the debt was then due. If it was due, the only proceeding which the sheriff could have taken would have been to demand of the garnishee the payment thereof, in default of which he should levy upon the property of the garnishee. If it was not due, he should have sold the debt providing always that he had made a proper levy. The pleading is wholly indefinite and insufficient on this subject to give any effect to the sheriff's sale as stated in the answer of Day and Phillips. It is clear that nothing in all the proceedings avails to give them any title whatever in the promissory note mentioned in the pleadings. It is equally clear that Heidecker paid full value for it and that it was regularly indorsed to her in due course long before Day or Phillips appeared on the scene.

The conclusion is that Heidecker is entitled to the note and its incident, the mortgage, as against all the other parties to the suit. The decree of the Circuit Court is therefore reversed and one here entered adjudging the defendant Heidecker to be the sole and exclusive owner of the note and mortgage in question free from all claims of every kind on behalf of either of the plaintiffs or the defendants Day and Phillips. The defendant Heidecker is also entitled to a decree against the plaintiffs and the defendants Day and Phillips for payment to her of any deposit that was made in this suit to apply on the note and for her costs and disbursements both in this court and in the Circuit Court.                     REVERSED. DECREE RENDERED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.