[Civ. No. 1325. Fourth Appellate District.—April 30, 1936.]

DALE HAULMAN et al., Plaintiffs, v. LEE CRUMAL et al., Defendants and Respondents; JEMMINA BRADLEY, Defendant and Appellant.

Albert Peterson for Appellant.

Sherrill Halbert and Halbert & Stone for Respondents.

JENNINGS, J.—This action in interpleader was instituted in the superior court by plaintiffs whose complaint alleged that they held a specified sum of money which was claimed by each of the defendants named in the action, that plain-

tiffs were unable to determine which defendant was entitled to receive the money as to which plaintiffs denied that they had any claim and alleged their willingness and ability to pay the same to the party entitled thereto and therefore prayed that the court enter an interlocutory decree requiring the defendants to interplead and set forth their respective claims to said sum of money and to order that upon payment of the same into court plaintiffs thereupon be discharged of all responsibility for the payment of said sum to any one or all of the defendants. Thereafter the court entered its interlocutory decree requiring the defendants named in the complaint to interplead in the action and set forth their claims to the sum of money mentioned in the complaint and providing that upon payment of said sum to the clerk of the court plaintiffs should be discharged from all liability for the payment of said money to the defendants or any of them. In compliance with the decree the defendant Jemmina Bradley filed an answer in which she set forth her claim to the sum of money mentioned in the complaint. The defendants, Lee Crumal, Frances Crumal and L. R. Hill, as sheriff, also filed a joint answer wherein they specified their claim to the money. The defendants Carleton L. Little and Luella A. Little, filed an unverified document wherein they jointly disclaimed any interest in the money.

The claims of the conflicting parties, who were Jemmina Bradley on the one hand and the Crumals and Hill on the other, were submitted to the court on an agreed statement of facts. The trial resulted in the rendition of a judgment in favor of the last-named defendants. From this judgment the defendant Jemmina Bradley appeals.

The statement of facts which forms the basis for the trial court's findings and its consequent judgment presents the following salient facts: On September 5, 1930, the plaintiffs Dale Haulman and Josephine Haulman, his wife, purchased a parcel of land from the defendants Carleton L. Little and Luella A. Little, and as part of the consideration therefor, executed and delivered to the Littles a promissory note for $800 dated September 5, 1930, bearing interest at the rate of 7 per cent per annum and payable on September 5, 1937. Payment of the note was secured by a mortgage on the land purchased by the Haulmans. The mortgage was recorded in the county recorder's office on October 17, 1930. At some

time thereafter the Littles entered into an escrow agreement with Jemmina Bradley and the Tulare County Abstract Company whereby the Littles agreed to execute an assignment of the note and mortgage to Jemmina Bradley and to deliver to her the said note and mortgage. The instruments specified in the escrow agreement, including the assignment of the Haulman mortgage, were recorded by the abstract company on May 29, 1931, on which date the said company issued to Jemmina Bradley a policy of title insurance which showed that the title to the mortgaged property was in the Haulmans subject only to the mortgage. Shortly thereafter and prior to maturity, the note and mortgage were delivered to Jemmina Bradley. In the meantime, on May 23, 1931, Lee Crumal and Frances Crumal commenced an action against the Littles in the Superior Court of Tulare County and procured the issuance of a writ of attachment. On May 28, 1931, the writ was delivered to R. L. Hill, the sheriff of Tulare County, with instructions to attach the Haulman note and mortgage. On the last-mentioned date the attaching officer caused copies of the writ of attachment to be personally served on the Haulmans and the Littles who were likewise notified that the note and mortgage were attached. On the same date Hill caused a copy of the writ of attachment with a notice of attachment appended thereto to be recorded in the office of the county recorder. No copy of the writ was served either on Jemmina Bradley or the abstract company and neither had any notice of the attachment other than may have been given by recordation of the writ of attachment. On May 28, 1931, the note and mortgage were in the possession of the abstract company. This latter fact was not known by the Crumals.

The briefs of counsel herein evidently assume two additional facts which do not clearly appear from the above-mentioned statement. These are, first, that the note executed by the Haulmans was negotiable and, second, that Jemmina Bradley furnished adequate consideration for the purchase by her of the note and mortgage. The single question here presented, therefore, is whether or not the mode of attachment pursued by the attaching officer was sufficient to effectuate a valid levy of the writ on the instruments. It is appellant's contention that the note is tangible property capable of manual delivery and that consequently no levy

of the writ of attachment valid against the innocent purchaser of the instrument was accomplished by the sheriff since it is undisputed that he did not take possession of the note and mortgage. Respondent, on the other hand, contends that actual seizure of the instruments was not required to accomplish a valid levy of the writ and that service of the writ on the makers of the note and mortgage and on the defendants in the attachment suit and notification to these parties that the instruments were attached plus the undisputed fact of recordation of a copy of the writ having appended thereto a notice of attachment were ample to effectuate a levy of the writ effective against a person who was proposing to purchase the note and mortgage but had not then secured possession of them. In thus contending, respondent relies principally on subdivision 6 of section 542 of the Code of Civil Procedure which, at the time the levy of the writ was attempted to be made, provided that "debts and credits and other personal property, not capable of manual delivery, must be attached by leaving with the person owing such debts, or having in his possession, or under his control, such credits and other personal property, or with his agent, . . . a copy of the writ, and a notice that the debts owing by him to the defendant, or the credits and other personal property in his possession, or under his control, belonging to the defendant, are attached in pursuance of such writ. . . . "

Respondent's contention is evidently based on the theory that the property which is sought to be reached by the writ is the debt, that the note is merely evidence of the debt, and that the debt is intangible, incapable of manual delivery, and consequently properly attachable in the manner provided in subdivision 6 of section 542 of the Code of Civil Procedure. While it must be conceded that promissory notes are often referred to as mere evidences of indebtedness the fact remains that such instruments, particularly those that are negotiable in character, have, through the development of the law merchant, come of themselves to possess well-defined property rights. It is, for example, settled beyond question that the *bona fide* holder of a negotiable promissory note who takes the same prior to maturity may enforce collection of the note from the maker although, as between the maker and the payee designated in the note, the debt represented by the note may have been extinguished. It is evident, there-

fore, that a negotiable promissory note is something more than mere evidence of indebtedness. Furthermore, the subdivision on which respondent relies specifically provides that the debts, etc., which must be attached in the manner there described shall be incapable of manual delivery. A promissory note is certainly capable of manual delivery and the very fact that such an instrument passes readily from hand to hand, is intended and expected so to pass, and that this very quality of easy delivery has given rise to unquestioned rights in favor of innocent holders emphasizes the well-recognized characteristic of easy manual delivery which is possessed by such an instrument.

It is our conclusion, therefore, that the facts which are presented by the record herein and which are correctly found by the trial court did not justify the legal conclusion drawn by the court that the money paid into court by the Haulmans, plaintiffs in the action, should be delivered to the sheriff, respondent R. L. Hill, to be held by him under the writ of attachment issued in the case of *Crumal* v. *Little,* pending the outcome of said attachment suit.

The above-stated conclusion is based on the opinion that the note and mortgage in question is covered by subdivision 3 of section 542 of the Code of Civil Procedure, which provides that "Personal property, capable of manual delivery, must be attached by taking it into custody" and that the levy of the writ of attachment attempted to be made by the sheriff in the manner heretofore described was not valid as against appellant who took the note and mortgage long before maturity, paid valuable consideration therefor and had no actual notice of the issuance of the writ of attachment in *Crumal* v. *Little* or of the attempted levy of the writ in the manner described.

In arriving at this opinion it must be conceded that no California authority directly in point on the proposition is available. However, in the case of *Hoxie* v. *Bryant,* 131 Cal. 85 [63 Pac. 153], there is to be found language which strongly supports the conclusion that a negotiable promissory note must be attached by taking it into custody. In the cited case the defendant had fraudulently sold a promissory note and mortgage to the plaintiff, who paid defendant the face value of the note. On discovering the fraud plaintiff brought an action to rescind the sale and recover the amount paid.

The judgment was in favor of plaintiff for recovery of the purchase price and that upon its being paid, the note and mortgage, which had been filed with the court clerk, should be delivered to the defendant. The defendant did not pay the judgment which became final and prior to the time the note and mortgage would become barred by the statute of limitations plaintiff sought and obtained from the court an order permitting the sheriff to levy execution on the note and mortgage and sell the same. The sheriff thereupon levied on the note and mortgage, took them into his possession, and after notice sold the instruments to plaintiff, who was the highest bidder. On the day preceding the date on which any action on the note and mortgage would become barred by the statute plaintiff filed a complaint to foreclose the mortgage. Shortly thereafter the defendant moved the court to set aside the order authorizing levy of execution on the note and mortgage, to set aside the levy and sale and recall the writ, and that the judgment in plaintiff's favor be declared satisfied and discharged. It was defendant's contention that an evidence of debt could not be levied upon and sold under execution and that by taking possession of the note and mortgage and exercising dominion over them plaintiff had converted them to her own use and was *prima facie* liable for the amount of the debt which would satisfy the judgment. The trial court denied defendant's motions and on appeal its action was sustained. It is pointed out specifically in the opinion that the rights of no creditor other than plaintiff were involved. The decision was based, however, on the proposition that a promissory note is personal property which, under the provisions of subdivision 3 of section 542 of the Code of Civil Procedure, must be attached by taking it into custody. In discussing the distinction that exists between a judgment and a promissory note, the court said:

"The judgment is a matter of record. It is the record evidence of the debt due by the judgment debtor. It is not capable of being taken out of the book where it is recorded and personally delivered. The sheriff cannot seize the judgment, take possession of it, and sell it. But a promissory note, negotiable in form, which passes in the commercial world by indorsement and delivery and is subject to sale, is quite different. The owner of such promissory note can-

not refuse to pay a just judgment against him and claim the note as exempt from execution. If it, in any way, can be found and seized by the sheriff on execution, it may be sold and delivered to the purchaser.''

The above-cited case was cited with approval in *Gault* v. *Wiens*, 32 Cal. App. 1, 3 [161 Pac. 996], as supporting authority for the declaration that the interest of a judgment debtor in promissory notes executed by a third person in favor of the debtor and pledged by him as security for the payment of his debt to the judgment creditor is subject to seizure and sale under levy of execution. In this case the pledged notes which were in the possession of the creditor were surrendered by the creditor to the sheriff under levy of a writ of execution and were sold to the creditor on execution sale.

In 6 Corpus Juris, at page 227, the rule is thus stated: ''An instrument for the payment of money is property capable of manual delivery within the meaning of the attachment law; and hence an actual taking into the custody of the attaching officer is necessary to constitute a valid levy upon bonds, promissory notes, checks, and other instruments which are unilateral contracts for the payment of money only, acknowledge an absolute obligation to pay, and constitute evidences of debt, the title to which may pass by delivery merely.'' The text is supported by a number of cited decisions among which the case of *Nordyke* v. *Charlton*, 108 Iowa, 414 [79 N. W. 136], bears the nearest factual similarity to the instant case. In *Whitney* v. *Day*, 86 Or. 268 [168 Pac. 295], a case which is factually similar to the instant action, the Supreme Court of Oregon declared that promissory notes may be attached like any other property and that if a promissory note is in the possession of the defendant in an attachment suit it is the duty of the attaching officer to take it into his custody and that if the note had been transferred to a third person notice of attachment, together with a copy of the writ, should have been served upon the holder.

It is contended by the respondents, Crumal, that the recordation of a copy of the writ of attachment having thereto attached a notice of attachment operated to give constructive notice of the attachment of the note and mortgage to the appellant Jemmina Bradley. In this connection, it must be borne in mind that the agreed statement of facts which formed the basis for the trial court's findings specified

that "On May 28, 1931, R. L. Hill, as sheriff of the county of Tulare, state of California, caused to be recorded in the office of the County Recorder of Tulare County, a copy of the aforementioned writ of attachment together with a notice of attachment appended thereto." It was also specified in the statement of facts that "no notice of the attachment, other than the notice recorded in the recorder's office, was given to Jemmina Bradley, who received the note and mortgage out of the escrow. Likewise, the writ of attachment was not served on the Tulare County Abstract Company who held the note in escrow unbeknown to the Crumals as attaching creditors. So likewise, said Abstract Company had no notice other than that recorded in the office of the County Recorder."

The effect of the above stipulated facts is that on May 28, 1931, the note and mortgage were in the possession of the Abstract Company which held them pursuant to an escrow transaction between Jemmina Bradley and the Littles, that this fact was not known by the Crumals, that neither Jemmina Bradley nor the Abstract Company had actual notice of the attempted attachment of the note and mortgage.

On the date on which the levy of the writ of attachment was attempted to be made, subdivision 2 of section 542 of the Code of Civil Procedure provided that "real property, or an interest therein, belonging to the defendant, and held by any other person, or standing on the records of the county in the name of any other person, must be attached by filing with the recorder of the county a copy of the writ, together with a description of the property, and a notice that such real property, and any interest of the defendant therein, held by or standing in the name of such other person (naming him), are attached. . . . The recorder must index such attachment when filed, in the names, both of the defendant and of the person by whom the property is held or in whose name it stands on the records."

However, it must be borne in mind also that the agreed statement of facts specified that the Haulmans purchased the property from the Littles on September 5, 1930, and as part of the consideration therefor gave the Littles the mortgage and note which were later attempted to be attached in the suit of *Crumal* v. *Little,* that the mortgage was recorded on October 17, 1930, and that on May 29, 1931, the Abstract

Company issued a policy of title insurance to Jemmina Bradley showing title to the land in the Haulmans subject only to the mortgage executed by them in favor of the Littles. It is evident therefore that on the date the writ of attachment and notice were recorded the Littles had no interest in the land other than the lien of their mortgage.

It is our conclusion that in view of the above-stated facts the recordation of the writ and notice of attachment by the sheriff in the suit of *Crumal* v. *Little* did not operate to give constructive notice of the attachment to Jemmina Bradley at the time she took the instruments paying valuable consideration therefor and taking them long before the maturity of the note. It may further be noted that it is nowhere suggested that appellant, Bradley, at any time acted in bad faith. The appellant, therefore, when she received the instruments became the *bona fide* holder of the note in due course and was entitled to the rights of such a holder as declared in section 3138 of the Civil Code. Since appellant had no actual notice of the attempted attachment and it is nowhere suggested that she had knowledge of any facts that would cause her action in taking the note to amount to bad faith the doctrine of constructive notice is not applicable to her (sec. 3137, Civ. Code; *Ross* v. *Title Guarantee etc. Co.,* 136 Cal. App. 393 [29 Pac. (2d) 236]).

The judgment herein is therefore reversed.

Barnard, P. J., and Marks, J., concurred.