CLARK-WILCOX CO. *vs.* NORTHWEST ENGINEERING COMPANY & others.

Suffolk.  May 12, 13, 1943. — July 1, 1943.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Equity Jurisdiction*, To reach and apply. *Jurisdiction*, Property of nonresident. *Sale*, Conditional.

Neither the right of a nonresident, not served with process in Massachusetts, as vendor under a contract of conditional sale of machinery located here to a vendee resident and served with process here, to an unpaid balance of the purchase price represented by an unmatured negotiable promissory note in the ordinary form, given by the vendee to the vendor "as evidence of indebtedness only," containing no mention of the contract of conditional sale, and held by the vendor outside Massachusetts, nor the vendor's security title in the machinery, was subject to the jurisdiction of the Massachusetts courts or could be reached and applied in a suit in equity here to payment of a claim of the plaintiff, a resident here, against the vendor.

BILL IN EQUITY, filed in the Superior Court on April 24, 1942.

The defendant Northwest Engineering Company appeared specially and filed a plea to the jurisdiction. The

plea was sustained by *Collins*, J., who thereupon reported the suit.

*F. T. Leahy*, for the plaintiff.

*E. N. Jones*, for the defendant Northwest Engineering Company.

QUA, J. In this bill to reach and apply brought under G. L. (Ter. Ed.) c. 214, § 3 (7), the trial judge sustained a plea of the principal defendant, Northwest Engineering Company, to the jurisdiction of the court and reported the case.

The plaintiff, a Massachusetts corporation, seeks to recover from the engineering company a substantial sum for commissions on sales of machinery of types used by contractors. The engineering company is a Delaware corporation doing business in Illinois, but it has no place of business in this Commonwealth. It has not been served and has appeared only specially. The property of the engineering company which the plaintiff seeks to reach and apply in payment of the engineering company's alleged debt to the plaintiff consists of the rights of the engineering company in various contracts of conditional sale of contractors' machinery by it to the other defendants, all of whom are residents of this Commonwealth and have been duly served. Those rights consist of the unpaid balances of the purchase prices for the machinery, represented by unmatured negotiable promissory notes, and of the property rights of the conditional vendor in the machinery itself. When the bill was filed all the machinery was in this Commonwealth, but the notes were and have ever since been held by the engineering company outside the Commonwealth. They contain no mention of the conditional sales contracts.

It is settled that the interest of a nonresident not served here in negotiable notes held outside this jurisdiction cannot be reached by a bill to reach and apply, although the makers reside and are served here. *Pond v. Simpson*, 251 Mass. 325. The reason is that under these circumstances the court cannot protect the makers against a possible negotiation of the notes, which cannot be regarded as property within the jurisdiction of the court. See G. L. (Ter.

Ed.) c. 246, § 32, First; *Jones* v. *Gorham,* 2 Mass. 375, 379; *Cushman* v. *Haynes,* 20 Pick. 132, 133; *American Trust Co.* v. *Holtsinger,* 226 Mass. 30, 35; *Bliss* v. *Bliss,* 221 Mass. 201; Am. Law Inst. Restatement: Conflict of Laws, §§ 52, 103, comment c.   Compare *Silloway* v. *Columbia Ins. Co.* 8 Gray, 199, and *Davis* v. *Werden,* 13 Gray, 305, where the notes were within the Commonwealth, and *Moody* v. *Gay,* 15 Gray, 457, where the true owner of the note was a resident amenable to the suit here.

Since the notes cannot be reached, the engineering company's interest as conditional vendor in the machinery within this Commonwealth cannot be reached.   Its title to the machinery is a security title good only to secure payment of the unpaid balances of the purchase prices represented by the notes. *Package Confectionery Co. Inc.* v. *Perkit,* 281 Mass. 554, 556.   *Lehan* v. *North Main Street Garage, Inc.* 312 Mass. 547, 550.   Williston on Contracts (Rev. ed.) §§ 734, 737.   A title existing only to secure a note cannot be wrenched from the note and separately applied to pay debts of the payee, leaving the note still an outstanding obligation of the maker, possibly in the hands of third parties.   This was long since decided in the case of mortgages. *Sanger* v. *Bancroft,* 12 Gray, 365, 366, 367. *Weinberg* v. *Brother,* 263 Mass. 61, 62.   The rule should be the same in the case of conditional sales. *Esty* v. *Graham,* 46 N. H. 169.   See *Lynn Morris Plan Co.* v. *Gordon,* 251 Mass. 323.   The vendee should not be exposed to the risk of losing the property and at the same time being held liable on the note.

In the effort to avoid the result to which this reasoning leads the plaintiff calls attention to provisions of the contracts of conditional sale that the orders should not be binding until accepted by the engineering company at Chicago; that the contracts should be Illinois contracts; and that all rights of the parties should be governed by the laws of Illinois "existing at the time the same is made."   It then argues that by the law of Illinois a contract of conditional sale is not the same thing as a chattel mortgage.   But assuming that the contracts are governed by Illinois law,

and whatever differences may exist under that law between a chattel mortgage and a conditional sale, nothing called to our attention in the law of Illinois or in the terms of the contracts deprives the title of the conditional vendor of the character of a security title or the notes of the quality of negotiability or furnishes any ground for a departure from the reasoning of our own decisions in applying our own reach and apply statute to Illinois conditional sales like these. See *Kilgore* v. *State Bank of Colusa*, 372 Ill. 578, 583; *Trust Co. of Chicago* v. *Lewis Auto Sales, Inc.* 306 Ill. App. 132.

It is also argued that since the conditional sale contracts contain the statement, "Any notes which may be executed and delivered by the Buyer to the Seller shall be regarded as evidence of indebtedness only, and not as payments, whether postponing maturity of the original obligation or not," the conditional vendees owed obligations to the engineering company on the contracts themselves as distinct from the notes, and that these obligations can be reached. But whatever the quoted sentence means (see Williston on Contracts [Rev. ed.] § 1875 F), it does not prevent the notes, which are in the form of ordinary promissory notes, from being negotiated to holders in due course who could sue upon them, and therefore a court that cannot control the notes ought not to attempt to reach the vendor's interests in the contracts.

It seems probable that the courts of Illinois would reach the same conclusion that we reach, if a similar suit were brought in that State under a statute similar to ours. *Bowen* v. *Pope*, 125 Ill. 28. *Manker* v. *Manker*, 249 Ill. App. 161.

*Interlocutory decree sustaining plea to the jurisdiction of Northwest Engineering Company affirmed.*