[Civ. No. 16079.   Second Dist., Div. Three.   Aug. 9, 1948.]

JOHN E. MILLER, Appellant, v. E. V. BEAN et al.,
Respondents.

George W. Rochester for Appellant.

Haas & Home for Respondents.

SHINN, Acting P. J.—This is an action by the holder of a promissory note secured by deed of trust to recover damages resulting from a breach of a covenant of the trust deed "to protect, preserve and defend said property and the title thereto." Plaintiff appeals from a judgment of dismissal after order sustaining without leave to amend a demurrer to a fourth amended complaint.

The note was for $2,400, payable to Los Angeles Finance Company, was dated October 9, 1929, and fell due October 9, 1932. It was alleged that plaintiff purchased all right, title and interest of the payee under the trust deed on June 13, 1946, and now is the owner and holder of the note and trust deed. The property which was the subject of the trust deed is certain real property in the county of Tulare. From the complaint it appears that the land was assessed for taxes in the year 1931; that a tax of $35.78 was levied thereon; and that the tax was not paid. It was not alleged when the land was sold for taxes and deeded to the state, but it was alleged that on or about the 17th day of August, 1944, the tax collector of Tulare County gave notice of an intended sale of the property pursuant to section 3691 of the Revenue and Taxation Code, and that on September 9, 1944, said tax collector sold said real property on behalf of the state, as provided by law, to T. J. and Ethel Edmonds. It was alleged that the defendants had notice of said intended sale and failed and refused

to effect a redemption of the property, that the security of said trust deed was thereby lost, and that plaintiff was thereby damaged in a sum of more than $12,000.

The demurrer was on the general ground and also specified uncertainty in the failure to allege the date when the property was sold to the state, and further uncertainty in that while the complaint alleged that plaintiff had purchased the trust deed security and was the owner of the trust deed and note it was not alleged that the note had been purchased. Neither of these grounds of uncertainty would have warranted the court in sustaining the demurrer without leave to amend. The demurrer also pleaded section 337, subdivision 1 of the Code of Civil Procedure in support of the point that the action was barred by the statute of limitations. This ground of demurrer undoubtedly was the one upon which the ruling was based. The correctness of the judgment therefore depends upon the implied holding of the court that a cause of action arose some time prior to September 9, 1944, when the land was sold by the state to the Edmonds. It is argued by respondent that a breach of the covenant of the trust deed occurred when the 1931 taxes became delinquent, or if not then, when the land was sold to the state for nonpayment of the 1931 tax. This sale normally would have taken place in 1932 and the property would have been deeded to the state in 1937. The action was filed October 2, 1946. We are of the opinion that no cause of action for breach of the covenant arose until the sale was made by the state in 1944 and that the action was commenced in time.

At the times when the foregoing proceedings were had the state of the law was such that the property was subject to redemption at any time prior to the "entry or sale of said land by the state," namely, September 9, 1944. (Pol. Code, § 3780.) We may regard the failure to pay the taxes before they became delinquent as a breach of the covenants of the trust deed.

We take notice of the fact that trust deed forms customarily contain a covenant to pay taxes and assessments before delinquency and we will assume from the fact that plaintiff did not incorporate the trust deed as a part of his complaint but quoted only the covenant "to protect, preserve and defend said property and the title thereto," that he intentionally omitted allegations which were contained in his original complaint that there was such a covenant to pay taxes before delinquency. It is so assumed in the briefs.

■ This assumption brings us to a consideration of the argument made by respondent that there was a breach of the covenants of the deed of trust through some default of the trustor antedating the sale of the property by the state in 1944, and that the statute commenced to run upon the occurrence of such breach. Assuming the premise to be true, it is clear that the present action is not predicated thereon. Of course, if the failure to pay the taxes when they fell due did give rise to a right of action for a technical breach of covenant, the statute commenced to run when the taxes were allowed to become delinquent. A similar result would obtain if permitting the land to be sold and deeded to the state also constituted a breach of covenant. However, even if timely actions had been brought, we are at a loss to see what manner of relief plaintiff would have been entitled to in either case, unless it be merely nominal damages, for he sustained no detriment through the failure of the trustor to pay the taxes before delinquency, nor did he sustain such detriment merely through the debtor's failure to effect a redemption prior to the time when the land was deeded to the state.

■ Where an act or omission fails to result in any direct injury, however slight, the statute of limitations does not commence to run against an action for consequential injuries resulting therefrom until actual damage ensues. (See 34 Am. Jur., Limitation of Actions, § 115, p. 95; *Emerson* v. *Gaither*, 103 Md. 564 [64 A. 26, 7 Ann.Cas. 1114, 8 L.R.A.N.S. 738].) Moreover, if we were to hold that the statute began to run in the instant case when the taxes became delinquent, or when the land was sold or deeded to the state, then during the entire statutory period in which an action could have been brought, the plaintiff could have recovered at most only nominal damages. Such a result would in our opinion not only be unjust but would permit the use of the statute of limitations for a purpose never intended. (Cf., *Post* v. *Campau*, 42 Mich. 90 [3 N.W. 272, 276-7].)

■ On the other hand, it is clear that the entire damages which plaintiff seeks to recover were incurred when the title to the property was lost, thereby rendering valueless his security, for prior to that time he had sustained no actual injury. The loss of title occurred on September 9, 1944, as a result of the trustor's failure to effect a redemption at any time prior to the sale by the state on that date, and the statutory period for bringing an action based on the failure to protect the title

could not have commenced to run until then, for only when the sale was completed was the breach complete. ██ This view finds support in the fact that a covenant to defend and protect the title of property serving as security for a debt, being prospective in operation, is analogous to a covenant of warranty or quiet enjoyment in a deed or lease, in respect to the breach of which it is well settled that the statute does not begin to run until actual injury has been sustained by way of eviction. (*McCormick* v. *Marcy,* 165 Cal. 386, 389 [132 P. 449]; *Standard Livestock Co.* v. *Pentz,* 204 Cal. 618, 625 [269 P. 645, 62 A.L.R. 1239]; 16 Cal.Jur. 519; 14 Am.Jur. 559-60.)

Following another line of analysis, we reach the same conclusion. Assuming as we do that the failure to pay the taxes when they fell due was a breach of covenant, it was not the breach upon which the action is founded, and it did not bring about the result complained of. The first breach would have been cured by a redemption. The failure to redeem prior to the sale by the state was an independent breach which, alone, was the proximate cause of the loss of title. Manifestly, no cause of action for that loss arose until that breach occurred. The injustice of a rule that would bar a cause of action for damage that had not yet been sustained was forcefully stated by Justice Cooley in *Post* v. *Campau, supra.* It is entirely immaterial that a right of action might have arisen out of the first breach, and that an action thereon was barred by the statute. The time for the commencement of the present action arose on September 9, 1944, and not before that time. The facts pleaded show that the action was filed in time.

The judgment is reversed.

Wood, J., and McComb, J. assigned, concurred.

A petition for a rehearing was denied September 1, 1948, and respondents' petition for a hearing by the Supreme Court was denied September 30, 1948.