[Civ. No. 21174. Second Dist., Div. Three. Apr. 5, 1956.]

ROBERT M. NEWELL, Respondent, v. WILLIAM H. BRAWNER, Appellant.

524

Glenn A. Lane and Ernest W. Pitney for Appellant.

Ernest J. Zack for Respondent.

SHINN, P. J.—This is an action in claim and delivery brought by Newell against his father-in-law Brawner for the recovery of household furniture and furnishings and damages for their detention. Plaintiff had judgment for possession or for $6,240, the value of the property, and damages for detention in the sum of $1,300. Plaintiff bases his right to possession upon the claim that the property was acquired by his former wife and himself as community property and that it was lawfully in his possession at the time it was taken from his home by the defendant. He also introduced in evidence a default decree of divorce from Gertrude B. Newell, defendant's daughter, by which decree the property in question was found to be community property of the parties and was awarded to plaintiff in its entirety. Defendant claims title to the property upon two theories, first, that the major portion of the property belonged to himself and his wife and was loaned to their daughter for the use of herself and her children and as to this property and a small part of the remainder he claims under a bill of sale from his wife to himself of her interest in the property and also a bill of sale from the daughter. The

court found that at the time defendant received his bill of sale from Gertrude and when he took possession of the property all the property involved was the community property of plaintiff and his then wife, Gertrude, and also found that thereafter in plaintiff's action for divorce against Gertrude, plaintiff was awarded all the property in question.

It is apparent that if the evidence was sufficient to support the above finding of community ownership of plaintiff and his then wife, defendant could not prevail in the action. In his briefs defendant makes no attempt to set out the evidence bearing upon this issue. He merely assumes the truth of his own testimony that the property was only loaned to his daughter. This failure to state the evidence could well be regarded as an admission that the evidence was sufficient. However, we have read the record and are satisfied that the evidence in that respect was sufficient. To a large extent Mr. and Mrs. Brawner assisted their daughter and the plaintiff in the acquisition and furnishing of a home. They provided them with money in substantial amounts and except in minor particulars furnished their home either by providing them with furniture and other household equipment which they, the Brawners, owned or by purchasing new articles until the home was fully furnished and equipped. Mr. Brawner testified that all the larger and more valuable articles were merely loaned to their daughter for the use of herself and the three children during the time they should occupy the home in question and that he and Mrs. Brawner never intended to and never did part with title to any of the aforesaid articles. Other articles he testified were given to the daughter as her separate property; he took a bill of sale from his daughter of all the property merely as a precaution against any claims of the plaintiff and as evidence that the daughter surrendered any rights she had to the use of the property as a loan from himself and wife. There was no writing to evidence the agreement that the property was merely loaned to the daughter. Upon the other hand, plaintiff testified that all the property they received from the Brawners was given to both his wife and himself; that Mrs. Brawner, who made most of the arrangements, so stated at numerous times, and that neither she nor Mr. Brawner ever made any statement to him to the contrary; there was never any agreement between himself and his wife that any of the articles received from the Brawners were given to the wife alone, but that they always regarded and treated the property as belonging to both of them. The real property was taken

in joint tenancy but at that time plaintiff said to his wife that they could have it as community property and place it in joint tenancy for convenience. Included in the property in litigation were some articles that had been purchased by plaintiff and some that had been received as wedding gifts or other gifts. However, these comparatively few articles were not the subject of particular dispute during the trial. The issue was whether plaintiff or defendant was entitled to the possession of all the property or none of it. Upon this issue we cannot, of course, reweigh the credibility of the witnesses or the weight of the evidence. We can only inquire whether there was substantial evidence to support the finding that the property in question was acquired by plaintiff and his then wife as community property and so remained. If it was not given to the wife alone, it was presumptively community property. (Civ. Code, § 164; Cal.Jur.2d p. 710 et seq.; *Falk* v. *Falk*, 48 Cal. App.2d 762 [120 P.2d 714].) We are concluded by the court's finding that this presumption was not overcome.

From the fact that the property belonged to the community it follows that since it was in the possession of plaintiff and was taken without his consent by the defendant, possession was properly restored to plaintiff. The bill of sale executed by the wife was ineffective to convey title to the community property, or any part of it, to defendant. (Civ. Code, § 172.)

In addition to his testimony as to the circumstances under which the property was acquired by his wife and himself plaintiff introduced in evidence, over the objection of defendant, the decree of divorce rendered by the Superior Court of Los Angeles County. The grounds of the objection are twofold, first, that the judgment was not binding upon defendant since he was not a party to the suit and, second, that the judgment insofar as it awarded the property in question to plaintiff was outside the issues and to that extent void. The particular point is that the personal property was not described in the complaint with sufficient certainty to put in issue the question of ownership. The complaint alleged in part "The community property of the parties consists of the following: (1) The house and lot situated at 1300 Virginia Road, San Marino, California. (2) The furniture and furnishings in the family home. (3) One-half (½) interest in a 1953 Buick automobile." The prayer of the complaint was "(3) That the community property of the parties be distributed pursuant to law and in such manner as the court deems proper." And there was a request for general relief.

The findings and judgment contained a particular description of the real property and also the furniture and furnishings.

If the court had based its finding of the community character of the property upon the decree there would be some point in discussing defendant's arguments but such is not the case. By far the greater part of the evidence on both sides consisted of detailed explanations of the sources of the property, some 70 or more articles, and the circumstances under which the Newells came into possession. The evidence as to the original ownership came in without objection and the issue was fully tried, independently of the decree in the divorce action. The court found that the decree was binding upon Gertrude Newell but did not find that it was binding upon defendant. If the court had determined that the property in major part had been loaned to Gertrude by the Brawners and that the remainder had been acquired as her separate property, plaintiff could have proven ownership only through the decree and the court would have been required to determine whether it was valid and binding upon defendant. It is clear, therefore, that the finding of community ownership was not based upon the decree and that it is immaterial whether the court erred in receiving it in evidence.

In his reply brief defendant for the first time questions the sufficiency of the evidence to justify the finding that plaintiff suffered damage in the amount of $1,300 through defendant's detention of the property. The brief refers to only a few of the questions and answers elicited during an extensive examination and cross-examination of plaintiff's witness and ignores all the other testimony bearing upon his qualifications and the value of his opinion. ■ As a rule, points raised for the first time in a reply brief need not be considered by the court and in view of the inadequate presentation of the point we are not inclined to depart from the rule. (See 4 Cal.Jur.2d, § 488.)

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 29, 1956. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.