[Civ. No. 24336. Second Dist., Div. Three. Aug. 15, 1960.]

THEODORE HECHT et al., Respondents, v. WILLIAM A. SMITH, Appellant.

724

Louis Kaminar and Bruce I. Rauch for Appellant.

Moidel, Moidel, Moidel & Smith and Leonard Smith for Respondents.

FORD, J.—This is an appeal from an order denying the motion of the defendant to dissolve an attachment.

The action is one in which the plaintiffs seek to recover damages for fraud in the sale of real property. The fraud is alleged to have consisted of the failure of the defendant to reveal to the plaintiffs the fact that he had received notices from the county of Los Angeles with respect to the subject of the necessity of making certain corrections in parapets. It is further alleged in the complaint that the defendant is a resident of the state of Colorado and that he has deposited with the Title Insurance and Trust Company in Los Angeles a promissory note, together with the deed of trust securing the note, which note was given as part of the purchase price for the property.

Pursuant to the application of the plaintiffs a writ of attachment was issued. Acting thereunder, the sheriff attached the note and deed of trust.

The attachment was made under the provisions of section 537, subdivision 3, of the Code of Civil Procedure. Thereunder, a plaintiff may have the property of a defendant attached, as security for the satisfaction of any judgment that may be recovered, in the following case: "In an action against a defendant, not residing in this State, or who has departed from the State, . . . to recover a sum of money as damages, arising from an injury to person or property in this State, in consequence of negligence, fraud, or other wrongful act.'' In the complaint here presented, the plaintiffs are alleged to be residents of the county of Los Angeles and the real property which they purchased is stated to be in that county. The defendant is alleged to be a nonresident. The gist of the cause of action is fraud in that certain material facts were concealed from the plaintiffs. (See *Pearson* v. *Allen*, 150 Cal.App.2d 638, 642-643 [310 P.2d 688]; *Kallgren* v. *Steele*,

131 Cal.App.2d 43, 46 [279 P.2d 1027]; *Curran* v. *Heslop*, 115 Cal.App.2d 476, 480 [252 P.2d 378].) While the pleading may be deficient with respect to the element of damages (see *Clar* v. *Board of Trade*, 164 Cal.App.2d 636, 645-646 [331 P.2d 89]), a motion to dissolve an attachment cannot be turned into a demurrer to the complaint. (*Hamilton* v. *Baker-Hansen Mfg. Co.*, 176 Cal. 569, 571 [169 P. 238].) The applicable principle is stated in *Peninsula Properties Co.* v. *County of Santa Cruz*, 34 Cal.2d 626, at page 629 [213 P.2d 489] : "A motion to discharge an attachment on the ground that the complaint does not state a cause of action should be granted only if the complaint shows on its face that the pleader has no cause of action and the defect cannot be cured by amendment." (See also *Yosemite Growers Co-op. Assn.* v. *Case-Swayne Co.*, 73 Cal.App.2d 806, 810 [167 P.2d 541].) Accordingly, the present case is within the provisions of subdivision 3 of section 537 of the Code of Civil Procedure. (*Ponsonby* v. *Sacramento Suburban Fruit Lands Co.*, 210 Cal. 229 [291 P. 167].)

No claim is made on this appeal that the note was not negotiable in form. In view of the common practice in such transactions, we are warranted in assuming it to be a negotiable note. (See *Miller* v. *Bean*, 87 Cal.App.2d 186, 188 [196 P.2d 596].) A negotiable promissory note is something more than mere evidence of indebtedness. It is property which can be the subject of manual delivery. (*Haulman* v. *Crumal*, 13 Cal.App.2d 612, 617 [57 P.2d 179]; *Hoxie* v. *Bryant*, 131 Cal. 85, 89 [63 P. 153].) In comment a to section 52 of the Restatement of the Law of Conflict of Laws it is said: "A negotiable instrument is a document embodying a right; and the state which has jurisdiction of the document has jurisdiction of the right." (See also *Clark-Wilcox Co.* v. *Northwest Engineering Co.*, 314 Mass. 402 [50 N.E.2d 53].) Such a note here present is subject to the exercise of jurisdiction by our courts (see Rest., Conflict of Laws, § 103) and may be here attached in a proper case. (*Jubelt* v. *Sketers*, 84 Cal.App.2d 653, 655 [191 P.2d 460]; *Haulman* v. *Crumal, supra*, 13 Cal.App.2d 612, 619.)

The appellant argues that it is against public policy to permit a plaintiff to attach his own debt. We need not decide the validity of that argument where the problem relates to the garnishment of a mere debt. (See 38 C.J.S., Garnishment, § 33.) The subject matter of the present attachment is quite different. It is "a promissory note, negotiable in form, which passes in the commercial world by indorsement

and delivery and is subject to sale. . . .'' (*Hoxie* v. *Bryant*, *supra*, 131 Cal. 85, 89.) It may be sold and delivered to the purchaser under execution. (See 19 Cal.Jur.2d, Executions, § 98.) Since in the present case it is an asset of the defendant which he had placed in the custody of a third person in this state and readily lends itself to sale in satisfaction of any judgment that may be obtained, we cannot see any logical reason to differentiate this note from that of a third person not a party to the action.

The appellant asserts that the affidavit for the attachment is defective since half of the amount alleged to be owed to the respondents is in the nature of exemplary damages for which, he contends, no attachment can be maintained. Recourse to attachment is, of course, more commonly had in actions ex contractu, wherein punitive damages are not recoverable as a general rule, than in actions ex delicto. While the present case is of the latter nature, the plaintiffs herein are given the right to an attachment under the circumstances thereof. Damages for fraud in such an action may include punitive damages. As stated in *Clar* v. *Board of Trade*, *supra*, 164 Cal.App.2d 636, at page 646: ''Of course, this rule limiting damages to the difference between the actual value and the amount paid does not prevent an additional award, in a proper case, for punitive damages (*Bagdasarian* v. *Gragnon*, 31 Cal.2d 744 [192 P.2d 935]; *Lawson* v. *Town & Country Shops, Inc.*, 159 Cal.App.2d 196 [323 P.2d 843]) . . .'' We have, accordingly, concluded that there is no merit in the contention of the appellant. We need not be concerned at this time with the amount of the punitive damages so claimed because ''while exemplary damages should bear a reasonable relation to the actual damages, there is no fixed ratio by which to determine the proper proportion between compensatory and exemplary damages. (*Finney* v. *Lockhart* (1950), 35 Cal.2d 161, 164 [217 P.2d 19]; *Sheward* v. *Magit* (1951), 106 Cal.App.2d 163, 167 [234 P.2d 708].)'' (*Austin* v. *Duggan*, 162 Cal.App.2d 580, 584 [328 P.2d 224].) The exemplary damages alleged cannot be said to be in excess of the maximum amount which could possibly be awarded when considered in relation to the amount of compensatory damages claimed. (*Cf. Austin* v. *Duggan, supra*, at p. 582.) ''An attaching plaintiff may claim in his affidavit the maximum amount of the alleged liability of the defendant, and the fact that within these limits the claim appears to be exaggerated, does not furnish a ground for discharging the attachment . . .''

(*Lewis* v. *Steifel,* 98 Cal.App.2d 648, 651 [220 P.2d 769].) Moreover, quite apart from the claim for exemplary damages, there was a good ground for the attachment as has been heretofore stated.

There is one matter mentioned for the first time in the appellant's closing brief. While we are not required to notice a point so tardily raised (*Newell* v. *Brawner,* 140 Cal.App.2d 523, 527 [295 P.2d 460]), we will discuss it briefly. It is argued that there has been a waiver of the attachment in that, as disclosed by the record, the "respondents have continued and intend to continue making the monthly payments due on the promissory note directly to Appellant or to his attorneys" rather than to the sheriff of the county of Los Angeles. But the inference to be drawn is that the respondents are proceeding with caution in a manner that can cause no harm to the appellant rather than that they have intentionally relinquished a known right. Hence there has been no waiver. (See *Henderson* v. *Drake,* 42 Cal.2d 1, 5 [264 P.2d 921].)

The order is affirmed.

Shinn, P. J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 13, 1960.